IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>　　　　　Defendant. | C.A. No. 1:17-cv-04712-GHW |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant Hearst Communications, Inc. ("Hearst"), by and through its undersigned counsel, hereby answers the Complaint dated June 21, 2017 (the "Complaint") filed against it in this action by Plaintiff Jonathan Otto ("Plaintiff") and asserts its denials and defenses thereto:

Except as expressly admitted in the following enumerated Paragraphs 1-20, which correspond to the numerical paragraphs of the Complaint, Hearst denies each and every allegation in the Complaint, including allegations contained in any headings or in unnumbered paragraphs of the Complaint.

## NATURE OF THE ACTION

1.　　To the extent Paragraph 1 asserts a legal conclusion, no response is required. Hearst admits that this action purports to assert claims for copyright infringement and seek monetary damages under the federal Copyright Act. Hearst otherwise denies the factual allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.　　To the extent Paragraph 2 asserts a legal conclusion, no response is required. Hearst admits that this action purports to assert claims pursuant to the Copyright Act of 1976, 17

U.S.C. § 101, *et seq.*, and that this Court generally has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Hearst otherwise denies the factual allegations in Paragraph 2.

3. To the extent Paragraph 3 asserts a legal conclusion, no response is required. Hearst admits that it conducts business within the State of New York and that this Court has personal jurisdiction over it.

4. To the extent Paragraph 4 asserts a legal conclusion, no response is required. Hearst admits that venue is proper in this District.

## PARTIES

5. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6. Hearst admits that it is a foreign corporation incorporated under the laws of the State of Delaware, and that it is registered with the New York Department of State to do business in New York.  Hearst otherwise denies the factual allegations in Paragraph 6, and specifically avers that it has a principal place of business at 300 W 57th Street, New York, New York 10019.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Alleged Ownership of the Photograph**

7. Hearst admits that Exhibit A referenced in Paragraph 7 appears to be a copy of a photograph, states that the photograph speaks for itself, refers to the photograph for its true and complete contents, and expressly denies any characterization of the photograph by Plaintiff. Hearst otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8.   Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9.   Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10.   Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

**B.   Defendant's Alleged Infringing Activities**

11.   Hearst admits that on or about June 11, 2017, it published an article on www.esquire.com entitled "President Trump is the Ultimate Wedding Crasher," and that Exhibit C referenced in Paragraph 11 appears to be a copy of that article.  Hearst states that the article and Exhibit C speak for themselves, refers to those documents for their true and complete contents, and expressly denies any characterization of those documents by Plaintiff.  To the extent further response is required, Hearst denies the allegations in Paragraph 11.

12.   Hearst admits the allegations in Paragraph 12.

13.   Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HEARST)**
**(17 U.S.C. §§ 106, 501)**

14.   Hearst incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  Paragraph 14 fails to state any allegation of fact and is therefore denied.

15.   Hearst denies the allegations in Paragraph 15.

16. To the extent Paragraph 16 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 16.

17. Hearst denies the allegations in Paragraph 17.

18. To the extent Paragraph 18 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 18.

19. To the extent Paragraph 19 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 19.

20. To the extent Paragraph 20 asserts a legal conclusion, no response is required. Hearst denies the factual allegations in Paragraph 20.

## PRAYER FOR RELIEF

Hearst denies any factual allegations contained in any paragraph or un-numbered heading of the Complaint except as expressly admitted above.  Hearst also denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph on the fourth page of the Complaint and subparts 1-6 thereto, or to any other relief.

## DEFENSES

Hearst incorporates by reference its foregoing responses to the paragraphs of the Complaint as if fully set forth herein.  Hearst asserts the following affirmative and other defenses to the claims asserted in the Complaint, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.

### First Defense (Failure to State a Claim)

The Complaint fails to state a claim against Hearst upon which relief may be granted and fails to meet the pleading standards of the Federal Rules of Civil Procedure.

### Second Defense (Fair Use)

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### Third Defense (Non-Infringement)

Hearst does not infringe and has not infringed any valid, enforceable copyright, statutory, common law, or otherwise.

### Fourth Defense (No Willfulness)

Any infringement by Hearst was inadvertent and not willful.

### Fifth Defense (No Registration)

Plaintiff's claim is barred because the photographs at issue were not registered with the United States Copyright Office at the time this action was filed.

### Sixth Defense (Estoppel, Consent, Res Judicata, Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, consent, res judicata, waiver, and collateral estoppel.

### Seventh Defense (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages, if any.

### Eighth Defense (Release)

Plaintiff's claims are barred, in whole or in part, to the extent he has released, settled, entered into an accord and satisfaction or otherwise compromised his claims by any means.

### Ninth Defense (No Actual Damages)

Plaintiff has suffered no actual damages.

**Reservation of Additional Defenses**

Hearst hereby reserves the right to assert additional affirmative and other defenses as discovery proceeds in this case.

Respectfully submitted,

/s/ Jennifer D. Bishop
Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

Dated:  July 14, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 14, 2017.

/s/ Jennifer D. Bishop
Jennifer D. Bishop