**H E A R S T**

August 17, 2017

Office of
General Counsel

Eve Burton
**Senior Vice President**
**General Counsel**

Catherine A. Bostron
**Corporate Secretary**

Jonathan R. Donnellan
Mark C. Redman
**Vice President**
**Deputy General Counsel**

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Debra S. Weaver
**Senior Counsel**

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Marianne W. Chow
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Haifeng Han*
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoto
Kate Mayer
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
**Counsel**

Jennifer D. Bishop
Counsel

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Otto v. Hearst Communications, Inc.*, Case No. 1:17-cv-04712-GHW
       Joint Letter in Advance of Initial Conference on August 24, 2017

Dear Judge Woods:

This Office represents Defendant Hearst Communications, Inc. (hereinafter "Hearst") in the above-referenced action.  We submit this joint letter on behalf of all parties in advance of the initial pretrial conference scheduled for August 24, 2017 at 3:00 p.m., in accordance with the Court's July 10, 2017 Notice of Initial Pretrial Conference (ECF No. 5)

1.     **Nature of the Case, Claims, Defenses, and Issues Most Important to Resolving the Case.**

Plaintiff's Perspective:  Otto is a photographer who had a unique opportunity, skill and talent to photograph President Donald Trump surprising wedding attendees at one of his properties.  Otto timely and properly applied for copyright registration with the U.S. Copyright Office within 3 months of publication of the photographs.

On June 11, 2017 HEARST ran an article on its website about the circumstances of the President crashing the wedding.  The article prominently features the photograph taken by Otto. The Defendant was never licensed nor had permission nor consent to publish the photograph.

As a direct result of HEARST's infringement, Otto lost the opportunity to license the photograph and the market for the photograph was gravely and adversely effected by the HEARST's activities.  Otto asserts that HEARST's infringement was willful, intentional, purposeful, and in disregard or indifference to Otto' rights in the photograph.

300 West 57th Street
New York, NY 10019
T 212.649.2030
F 646.280.2030
jbishop@hearst.com

Honorable Gregory H. Woods
August 17, 2017
Page 2

Accordingly, Otto seeks statutory damages for the copyright infringement of the photograph as well as costs and attorney's fees against HEARST.  17 U.S.C. §§ 504.

<u>Defendant's Perspective:</u>  This is a copyright infringement lawsuit brought by a photographer against Hearst, alleging that the website of Esquire (a Hearst magazine) displayed a single photograph of Donald Trump crashing a wedding.  Hearst asserts that its use of the photograph at issue constitutes fair use, that any infringement was inadvertent, and that Plaintiff has suffered little or no actual damages from the alleged infringement.

In addition to the issues raised by the foregoing defenses, Hearst believes that Plaintiff's proof of his alleged copyright ownership is important to resolution of this case.  The photograph at issue was published in many places on the Internet without credit to Plaintiff.  Hearst reserves its right to assert a defense of no copyright ownership, and other defenses, as discovery proceeds.

**2.      Subject-matter Jurisdiction and Venue.**

The parties agree that this Court has subject-matter jurisdiction over Plaintiff's claim.  Subject matter jurisdiction is founded on statutory copyright jurisdiction and the existence of a federal question (copyright) pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The parties also agree that venue is proper in this District pursuant to 28 U.S.C. § 1400(a).

**3.      Contemplated and Pending Motions.**

Defendant currently anticipates moving for summary judgment on at least its fair use defense following the conclusion of discovery.  Plaintiff anticipates cross-moving for partial summary judgment on liability at the close of fact discovery. No motions are currently pending, and the parties do not anticipate making any other applications at the status conference.

**4.      Discovery.**

No discovery has yet taken place.  Discovery that is likely to be admissible includes, but is not limited to, evidence of Plaintiff's copyright ownership and registration, evidence of Plaintiff's licensing rates for these and other photos, evidence relating to Defendant's fair use defense, and evidence of the circumstances surrounding the infringement.

**5.      A computation of each category of damages claimed.**

Plaintiff computes his damages to include statutory damages that can go up to $30,000, and up to $150,000 upon a showing of willfulness. Additionally, Plaintiff expects to recover reasonable attorneys' fees and costs.

Honorable Gregory H. Woods
August 17, 2017
Page 3

**6.    A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have entered preliminary settlement discussions and are committed to continuing those discussions.

Respectfully submitted,
/s/ Jennifer D. Bishop
Jennifer D. Bishop
Hearst Corporation
Office of General Counsel
300 West 57th Street
New York, NY 10019
(212) 649-2030
jbishop@hearst.com

*Attorney for Defendant Hearst
Communications, Inc.*

cc:    All counsel of record (via ECF)