**HEARST**

**Jennifer D. Bishop**
Counsel

December 12, 2017

**Office of
General Counsel**

Eve Burton
**Senior Vice President
General Counsel**

Catherine A. Bostron
**Corporate Secretary**

Jonathan R. Donnellan
Mark C. Redman
**Vice President
Deputy General Counsel**

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Debra S. Weaver
**Senior Counsel**

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Marianne W. Chow
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Haifeng Han*
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoto
Kate Mayer
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
**Counsel**

* Not admitted or
  resident in New York

**VIA ECF**

Hon. Gregory H. Woods
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007

Re:     *Otto v. Hearst Communications, Inc.*, No. 1:17-cv-4712-GHW

Dear Judge Woods:

I represent Defendant Hearst Communications, Inc., and write concerning Defendant's expert disclosures in the above-captioned matter.

At the initial pretrial conference in this matter, the Court rejected the parties' joint proposal to seek an expert disclosure and discovery schedule 30 days before the end of fact discovery and instead imposed deadlines for such disclosures and discovery in Paragraphs 8(b)-8(d) of its August 24 Civil Case Management Plan and Scheduling Order.  (ECF No. 12, "CMO.")  Defendant understood those set deadlines as overriding the parties' proposal to notify the Court of contemplated experts 30 days before the end of fact discovery.  However, the parties' proposed language regarding notice to the Court remains in Paragraph 8(a) of the as-entered CMO.

I accordingly write now in an abundance of caution to inform the Court that Defendant currently contemplates disclosing expert testimony in opposition to Plaintiff's claim of damages.  Defendant will make such disclosures, if any, by December 29, 2017, as required by Paragraph 8(c) of the CMO.

300 West 57th Street
New York, NY 10019
T 212.649.2030
F 646.280.2030
jbishop@hearst.com

Hon. Gregory H. Woods
December 12, 2017
Page 2

To the extent the CMO required Defendant to submit this letter at an earlier date, Defendant respectfully apologizes to the Court and requests an extension of that deadline due to the misunderstanding detailed above.[1]  Because Defendant will make its disclosures by the date already set in the CMO, the delay in providing this notice will not affect the other dates in the schedule.

                                        Respectfully submitted,

                                        /s/ Jennifer D. Bishop
                                        Jennifer D. Bishop

                                        *Counsel for Defendant*


Cc:            All counsel of record, by ECF

---

[1] Defendant also submits that there is further good cause for an extension because Plaintiff testified just yesterday that his lost licensing fees (a material part of any damages calculation in this matter) are at least double the amount disclosed in Plaintiff's October 18, 2017 interrogatory responses.  Defendant's contemplated expert testimony is intended to rebut Plaintiff's new claim of increased license fees.