# HEARST

**Office of**
**General Counsel**

Eve Burton
**Senior Vice President**
**General Counsel**

Catherine A. Bostron
**Corporate Secretary**

Jonathan R. Donnellan
Mark C. Redman
**Vice President**
**Deputy General Counsel**

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Debra S. Weaver
**Senior Counsel**

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Marianne W. Chow
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Haifeng Han*
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoto
Kate Mayer
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
**Counsel**

* Not admitted or
  resident in New York

January 29, 2018

Jennifer D. Bishop
Counsel

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**     *Otto v. Hearst Communications Inc.*, No. 1:17-cv-4712-GHW

Dear Judge Woods:

      I write on behalf of Defendant Hearst Communications, Inc. ("Hearst") pursuant to Rule 2(C)(i) of Your Honor's Individual Practices and Paragraph 10 of the Civil Case Management Plan and Scheduling Order in this action (ECF No. 12)[1] to respectfully request a conference concerning Hearst's anticipated motion for summary judgment on the issues of fair use and non-willfulness. Hearst further requests that the pre-motion conference take place during the previously scheduled status conference in this matter on February 5, 2018 at 4:00 p.m.

      ***Case Background.***  Plaintiff is an employee of Deutsche Bank and is not a professional photographer. (December 11, 2017 Deposition of Jonathan Otto ("Otto Tr.") 11:2-11, 12:16-21.)[2]  On June 10, 2017, he attended a friend's wedding at a Trump-owned golf club at which President Trump made a surprise appearance. (Compl. (ECF No. 1) ¶ 7; Otto Tr. 14:11-27.)  Upon seeing the President enter the reception, Plaintiff "just started taking photos," including a particular image of the President and the bride that is the subject of this litigation (the "Photograph"). (Otto Tr. 15:4-16.)  Plaintiff took the Photograph "[j]ust for personal use," because he "thought it was . . . [an] important memory." (Otto Tr. 15:22-16:3.)  Plaintiff provided a copy of the Photograph to one other wedding guest without knowledge of how that guest intended to use the Photograph. (Otto Tr. 25:7-26:5.)

---

[1] Discovery in this action closed on January 22, 2018. (*See* ECF No. 12, ¶ 8(b).)
[2] Pursuant to Rule 2(C)(i) of this Court's Individual Practices, exhibits are not attached to this letter. Hearst will file relevant excerpts of Plaintiff's deposition transcript in connection with its forthcoming motion papers.

300 West 57th Street
New York, NY 10019
T 212.649.2030
F 646.280.2030
jbishop@hearst.com

Hon. Gregory H. Woods
January 29, 2018
Page 2

The following day, Hearst obtained the Photograph from an Instagram account that does not belong to Plaintiff and published it on Esquire.com as part of a news article about President Trump's appearance at the wedding entitled "President Trump is the Ultimate Wedding Crasher" (the "Article").  (*See* Compl. ¶ 11 & Ex. C.)  Several other news outlets also published the Photograph after apparently obtaining it from Instagram, and many similar images of President Trump at the wedding also circulated on the internet.  (*See* Compl. Ex. A (displaying additional images of President Trump at the wedding); *Otto v. Warner Bros. Entertainment, Inc.*, No. 1:17-cv-04763, ECF No. 1 (filed June 22, 2017) (additional display of the Photograph); *Otto v. CBS Broadcasting, Inc.*, No. 1:17-cv-06351, ECF No. 1 (filed Aug. 21, 2017) (additional display of the Photograph).)  On June 21, 2017, Plaintiff filed this action against Hearst asserting a single count of copyright infringement, without first providing Hearst with any pre-suit notification of his claim.

***Hearst's Use of the Photograph Was a Fair Use.***  Hearst intends to move for summary judgment on the ground that its use of the Photograph was fair.  Under Section 107 of the Copyright Act, 17 U.S.C. § 107, "the fair use of a copyrighted work . . . for purposes such as criticism, comment, [and/or] *news reporting* . . . is not an infringement of a copyright." (emphasis added).  To determine whether a use is a fair use, courts consider "(1) the purpose and character of the use . . .; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." *Id.*

As the Supreme Court has explained, the first fair use factor considers "whether and to what extent the new work is 'transformative'"—including whether it transforms the original work with "a further purpose or different character"—and "the more transformative the new work, the less will be the significance of other factors." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994).  Here, Hearst used the Photograph in the Article for purposes of news reporting—a purpose that lies at the very heart of Section 107's protection and that is entirely different than the "personal use" for which Plaintiff took the Photograph.  In other words, Hearst transformed the Photograph from a personal keepsake into an important component of news reporting about the President's activity, and the first fair use factor—and thus the entire fair use analysis—tilts sharply in Hearst's favor.

The record facts also show that the "nature of the copyrighted work" is of low creative and financial value and Hearst's use had no impact upon any market for the Photograph.  Among other things, the Photograph is a spontaneous cell phone shot taken by a wedding guest (as opposed to a staged art image, for example); multiple similar images were made available online; the Photograph itself was available to freely embed through Instagram; and there is no record evidence of any actual or potential licensing market for the Photograph (or any other photograph taken by Plaintiff).  Considering all the relevant facts and fair use factors together, no reasonable juror could conclude that Hearst's use of the Photograph was not fair use.  *See generally Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605 (2d Cir. 2006) (holding that book publisher's use of poster reproductions for a biographical purpose constituted fair use); *Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18 (1st Cir. 2000) (holding that newspaper's use of copyrighted photograph for news reporting constituted fair use); *Philpot v. Media Research Ctr.*,

Hon. Gregory H. Woods
January 29, 2018
Page 3

No. 1:17-cv-822, ECF No. 36 (slip op.) (E.D. Va. Jan. 8, 2018) (holding that defendant's use of photographs of musicians to accompany online articles about those musicians constituted fair use).

***In the Alternative, Any Infringement Was Not Willful.*** Hearst also intends to move, in the alternative, for partial summary judgment on the issue of its willfulness. Section 504 of the Copyright Act provides that statutory damages may be increased to up to $150,000 where "infringement was committed willfully," 17 U.S.C. § 504(c)(2), and Plaintiff has alleged that Hearst was "willful" in infringing his copyright (Compl. ¶ 17). But Plaintiff bears the burden of proof on this issue, 17 U.S.C. § 504(c)(2), and the record is completely devoid of any evidence supporting a finding that any infringement was willful. Accordingly, Hearst is entitled to summary judgment on this issue.

For these reasons, Hearst is entitled to full or partial summary judgment and seeks a pre-motion conference to set a briefing schedule on its motion. Hearst understands that Plaintiff also intends to seek summary judgment on related issues, and the parties have agreed to the following proposed cross-motion briefing schedule (subject to the Court's approval):

| Submission | Deadline | Memorandum Page Limit |
|---|---|---|
| Plaintiff's Opening Brief | February 19, 2018 | 25 |
| Defendant's Opening & Opposition | March 19, 2018 | 50 |
| Plaintiff's Opposition & Reply Brief | April 16, 2018 | 35 |
| Defendant's Reply Brief | April 30, 2018 | 10 |

This proposal is also set forth in the parties' January 29, 2018 joint status letter to the Court. We look forward to discussing these issues with you on February 5.

Respectfully submitted,

/s/ Jennifer D. Bishop
Jennifer D. Bishop

*Counsel for Defendant Hearst Communications, Inc.*

cc: All counsel of record (via ECF)