UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>          Plaintiff,<br><br> - against –<br><br>HEARST COMMUNICATIONS, INC.<br><br>          Defendants. | 1:16-cv-05277 (GHW)<br><br>ECF Case<br><br>**DECLARATION OF JONATHAN OTTO IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**JONATHAN OTTO**, under the penalty of perjury, declares:

  1.  I am the plaintiff in this action.

  2.  I am over the age of 18 years old and competent to submit this declaration in support of my motion for partial summary judgment.

**My Photograph of President Trump at the Wedding – June 10, 2017**

  3.  On Saturday, June 10, 2017, I attended a friend's wedding at the Trump National Golf Club in Bedminster Township, New Jersey (the "Wedding").

  4.  During the Wedding, President Trump made a surprise appearance at approximately 9:30 pm.

  5.  Many attendees, myself included, starting taking photos of President Trump with their mobile phones.

  6.  I took several photos of President Trump with my iPhone 7, including a photograph of President Trump with the bride (the "Photograph"). I took the Photograph at approximately 9:32 pm. A true and correct copy of the Photograph in its native format is attached hereto as Exhibit A.

7. At the time I created the Photograph, I did not have the intent to commercially exploit the Photograph. I took the Photograph because it was remarkable that the President of the United States suddenly appeared at my friend's wedding. President Trump's appearance at the wedding was a newsworthy event and I wanted to capture the moment.

8. After taking the Photograph, I used the photo editing application on my iPhone to modify the image, including cropping, color correction, and contrast. I also entered my name, "Jonathan Otto," into the "Copyright" field in the editing application. Attached as <u>Exhibit B</u> are true and correct copies of screenshots from the editing application of my iPhone which I used to modify the Photograph. Attached as <u>Exhibit C</u> is a true and correct copy of the Photograph in its modified form.

9. At approximately 9:38 pm, I texted a copy of the modified Photograph to another wedding guest named Sean Burke. Mr. Burke requested that I text him the Photograph because he appears in the background of the Photograph. Attached as <u>Exhibit D</u> is a true and correct copy of a screenshot of my iPhone which shows the text I sent to Mr. Burke containing a copy of the modified image.

10. I did not publish the Photograph to social media.

**Publication of the Photograph – June 11, 2017**

11. On Sunday, June 11, 2017, the day after the Wedding, I discovered that my Photograph, in its modified format, had been published to various news websites including TMZ.

12. On June 11, at approximately 2:33 pm, I texted Sean Burke, asking "Hey, TMZ & others using my photo above without credit/compensation. You send to anyone? I want my cut". Mr. Burke responded: "Nope! They reached out to kat [another attendee at the Wedding]" A true a correct copy of the screenshot of this text message is attached hereto as <u>Exhibit E</u>.

13. On June 11, at approximately 9:31 pm, I tweeted a reply to TMZ's article which read: "This is my original photo @TMZ – where is credit/compensation? Someone at event with me obviously shared without permission – please DM me." I also asked Harvey Levin, the founder of TMZ, to contact me. A true a correct copy of screenshots of these tweets are attached hereto as Exhibit F.

**Hearst's Esquire.com Article – June 11, 2017**

14. In response to my request for documents in this action, Hearst produced a copy of the Esquire.com article entitled "President Trump is the Ultimate Wedding Crasher" by Peter Wade, dated June 11, 2017, that is the subject of this litigation and bearing bate stamp numbers HCI-OTTO-0001-11, a true and correct copy of which is attached hereto as Exhibit G (the "Article").

15. Hearst also produced an edited copy of the Photograph which was displayed in the Article and which bears bate-stamp number HCI-OTTO-00010, a true and correct copy of which is attached hereto as Exhibit H (the "Photograph").

**Hearst's Data Entry Forms for the Article – June 11, 2017**

16. In response to Plaintiff's request for documents in this action, Hearst produced certain documents which show the computer-generated data entry forms used by Hearst to input data, text and images for use in the Article.

17. The document bearing bate stamp numbers HCI-OTTO-00012-18 is entitled "Edit Article 55573" and dated June 11, 2017. This document shows data fields which permit Hearst to enter information for the Article's headline and byline (HCI-OTTO-12); editor name and content type (HCI-OTTO-13); editorial themes, tags, ad category, and text for the body of the article (HCI-OTTO-14); display options and editor notes (HCI-OTTO-15); sponsorship and SEO/Metadata (HCI-OTTO-16); meta keywords and Google News keywords (HCI-OTTO-17);

source and syndication rights (HCI-OTTO-18), among other data entry fields that are apparent on the face of the document. A true and correct copy of the document bearing bate stamp numbers HCI-OTTO-00012-18 is attached hereto as <u>Exhibit I</u>.

18.  The document bearing bate stamp numbers HCI-OTTO-00027-32 is entitled "Edit Image #217075." This document shows data fields which permit Hearst to enter information for the Photograph's content title and image metadata (HCI-OTTO-00027), as well as Copyright owner and Photographer Name (HCI-OTTO-00028). This document also permits Hearst to crop the Photograph, or otherwise edit the display aesthetics of the image. (HCI-OTTO-00029-31). Finally, this document indicates that the Photograph was used in the Article. (HCI-OTTO-00032). A true and correct copy of the document bearing bate stamp numbers HCI-OTTO-00027-32 is attached hereto as <u>Exhibit J</u>.

19.  The document bate-stamped HCI-OTTO-00029 shows that the Photograph was uploaded into Hearst's system by Peter Wade, who is credited as the author of the Article.

20.  The document bate-stamped HCI-OTTO-00028 shows that the data entry field for "Copyright" was left blank. This document also shows that the data entry field for "Photographer Name" is listed as [Instagram@lauramp11.](Instagram@lauramp11.)

**The Extent of Hearst's Due Diligence**

21.  In response to my request for documents in this action, Hearst produced certain documents, dated June 11, 2017, which show Peter Wade's comments concerning his efforts "to find [the] original source" of the Photograph.

22.  The document bearing bate stamp numbers HCI-OTTO-000278-80 shows an interaction between Peter Wade, editor of the Article, and Michael Sebastian. After Wade posts another image of President Trump at the Wedding, Sebastian asks: "Is that a recent picture?" Wade responds "yeah, it's from last night according to the Hill. Trying to find original source . .

4

. oh wow. There are a bunch of them" and links to Instagram@lauramp11, the same Instagram account of Laura Piatowski from which Hearst obtained the Photograph. [*see* 2d Stipulation of Facts, ¶¶ 24-26]. A true and correct copy of the document bearing bate stamp number HCI-OTTO-000278-80 is attached hereto as Exhibit K.

**Copyright Registration of the Photograph – June 12, 2017**

23. On Monday, June 12, 2017, I retained the Liebowitz Law Firm to enforce my rights in the Photograph against the media companies who published my Photograph without permission, credit or compensation.

24. On June 12, in furtherance of my intent to enforce my rights in the Photograph, I sent a copy of the Photograph to my counsel, whose office handled the application for copyright registration on my behalf.

25. I am in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VA 2-055-309, with effective registration date of June 12, 2017 (the "309 Registration"). A true and correct copy of the 309 Registration is attached hereto as Exhibit L.

26. I obtained the 309 Registration on June 12, 2017, within five years after first publication of the Photograph on June 10, 2017.

**Lawsuits to Enforce My Rights in the Photograph**

27. Since retaining the Liebowitz Law Firm, I have filed five lawsuits to enforce my copyright in the Photograph: (a) *Otto v. Warner Bros. Entertainment, Inc.*, No. 1:17-cv-04763 (LTS-SN); (b) *Otto v. CBS Broadcasting, Inc.*, No. 1:17-cv-06351 (SHS); (c) *Otto v. Altaba Inc*, No. 1:17-cv-08550 (VEC); (d) *Associated Newspapers (U.S.A.) Limited*, No. 1:18-cv-00338 (RJS); and (e) the present action.

28.     Four out of the five lawsuits referenced in the preceding paragraph have already settled. The present case against Hearst is the only case filed involving the Photograph that has not yet settled.

**Hearst's Post-Filing Takedown of the Photograph & Article**

29.     Before this lawsuit was filed, the Article was posted on-line at http://www.esquire.com/news-politics/news/a55573/president-trump-wedding-crasher/ (the "Infringing URL")

30.     Subsequent to filing my lawsuit against Hearst, however, I discovered via counsel that Hearst had removed the Photograph from the Infringing URL. Attached hereto as Exhibit M is a true and correct copy of a screenshot from the Infringing URL, dated February 23, 2018.

**Hearst's Admissions of Fact in its Answers to My Request**

31.     In response to my First Set of Requests for Admissions ("RFA"), Hearst served its answers (the "Answers") on December 22, 2017. There are certain admissions of fact made by Hearst in the Answers which have not yet been stipulated. Attached as Exhibit N is a true and correct copy of relevant pages from the Answers to the RFA, key portions of which are highlighted in yellow. Admissions are listed in the following paragraphs:

32.     As of the close of factual discovery, Hearst lacked knowledge and information about the registration of the Photograph as part of U.S. Copyright Registration No. VA 2-055-309 and the "309 Registration" beyond Plaintiff's own allegations and testimony. [Answer to RFA No. 26]

33.     As of the close of factual discovery, Hearst lacked knowledge and information about the depositing of the Photograph as part of U.S. Copyright Registration No. VA 2-055-309 and the "309 Registration" beyond Plaintiff's own allegations and testimony. [Answer to RFA No. 27]

34. Hearst admits that U.S. Copyright Registration No. VA 2-055-309 is effective within five (5) years after first publication of the Photograph. [Answer to RFA No. 28]

35. Hearst publishes news articles without any photographs. [Answer to RFA No. 68]

36. Hearst's Website (Esquire.com) publishes news articles without any photographs. [Answer to RFA No. 68]

37. Hearst lacks knowledge or information about the licensing intent of the person who distributed the Photograph on Instagram. [Answer to RFA No. 81]

38. Otto never directly granted Hearst authorization to prepare a derivative work based on the Photograph. [Answer to RFA No. 83]

39. In the past two years, Hearst has been sued for copyright infringement in the United States District Court, Southern District of New York at least 10 times. [Answer to RFA No. 87]

40. In the past two years, Hearst has settled at least 5 copyright infringement lawsuits brought against it in the United States District Court, Southern District of New York. [Answer to RFA No. 89]

**Licensing Agreement**

41. In my case against Warner Brothers Entertainment Inc., which involved TMZ's unauthorized use of the Photograph, I entered into a licensing agreement with Warner Brothers which authorized it to display the Photograph on TMZ's website (the "Licensing Agreement"). The Licensing Agreement was attached as an exhibit to my settlement agreement with Warner Brothers.

*I swear that the foregoing is true and correct to the best of my personal knowledge.*

Dated: New York, New York

Executed this __24__ Day of February, 2018

_____
JONATHAN OTTO