# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>Defendant. | C.A. No. 1:17-cv-04712-GHW |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO**
**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant Hearst Communications, Inc. ("Hearst" or "Defendant"), by and through its undersigned counsel, hereby objects to and answers Plaintiff's November 22, 2017 Second Set of Requests for Admission to Defendant (the "Requests") as follows:

Defendant reserves its right to supplement, amend, and/or modify these objections and answers consistent with the Federal Rules of Civil Procedure at any time up to and including trial. Defendant does not undertake, and hereby disclaims, any obligation to supplement beyond the obligation imposed by the Federal Rules of Civil Procedure.

Further, these objections and answers are made without prejudice to any claims Defendant may have with respect to the relevance, materiality, authenticity, and/or admissibility of any documents, facts or information disclosed herein. Defendant reserves all objections as to relevance, materiality, authenticity, and admissibility. Defendant's disclosure of any information in response to the Requests shall neither waive nor prejudice any objections Defendant may later

assert, including but not limited to objections as to the relevance, materiality, authenticity, and/or admissibility of any information or documents at trial.

**GENERAL OBJECTIONS**

The following General Objections to Plaintiff's Requests apply to all of Defendant's specific Answers to the Requests set forth below. To the extent that a General Objection is repeated in a specific Answer, that objection is restated because it is particularly applicable to the specific Request and should not be construed as a waiver of any other General Objection applicable to the Request. Defendant reserves the right to supplement, amend, or qualify these General Objections.

1. Unduly Burdensome, Irrelevant, and Disproportionate. Defendant objects to the Requests because, as written and in quantity, they are unduly burdensome, oppressive and harassing, seek admissions not relevant to Plaintiff's claims or Defendant's defenses, seek admissions disproportionate to Plaintiff's legitimate discovery needs, and are not reasonably calculated to lead to the discovery of admissible evidence.

2. Privilege. Defendant objects to the Requests to the extent they require disclosure of information protected from disclosure by privileges and other protections from disclosure ("Privileged Information"), including without limitation the attorney-client privilege, the work-product doctrine, joint-defense or common-interest privilege, or any other constitutional, statutory, common-law, or regulatory protection, immunity, or proscription from disclosure. Defendant does not intend the inadvertent disclosure of any Privileged Information to constitute a waiver of its right to assert any applicable privilege or protection.

3. Disclosure In Violation of Law. Defendant objects to the Requests to the extent they require disclosure of information which would violate any law, court order, or right of any

third party, including any right conferred upon a third party in connection with an agreement between such third party and Defendant.

4. Definitions: In General. Defendant objects to the Requests to the extent they define or purport to use terms in a manner that is inconsistent with their plain and ordinary meaning and the Local Civil Rules of this District.

5. Definitions: Definition of "You," "Your," "Hearst," and "Defendant." Defendant objects to Plaintiff's definition of "You," "Your," "Hearst," and/or "Defendant" as vague and ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it requires disclosure of information from Defendant's parents, subsidiaries, and other affiliates and agents that are not relevant to Plaintiff's claims or Defendant's defenses. Defendant construes the terms "You," "Your," "Hearst," and "Defendant" to refer to the Digital Media division of the entity actually named in this lawsuit, together with those affiliates, subsidiaries, divisions, officers, directors, employees, agents, attorneys, and other persons who acted or purported to act on its behalf relevant to the issues in this action.

6. Not Reasonably Accessible. Defendant objects to the Requests to the extent they seek admission of information that is not within Defendant's possession, custody, or control and is reasonably accessible to Defendant at this stage of this litigation after a reasonable inquiry.

7. Vague. Defendant objects to the Requests to the extent they are vague and ambiguous and thus do not properly advise Defendant as to the particular matter that is requested to be admitted.

8. Legal Conclusions. Defendant objects to the Requests to the extent they require Defendant to draw legal conclusions in order to respond or otherwise attempt to re-cast legal issues as factual matters.

9. Beyond the Scope of Rules. Defendant objects to the Requests to the extent they purport to impose obligations beyond those authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of this Court.

**ANSWERS TO REQUESTS FOR ADMISSION**

Defendant makes the following Answers to the Requests for Admission subject to the foregoing General Objections. Except as expressly admitted below, no facts or legal conclusions should be taken as admitted, implied, or inferred from these Answers.

**Request No. 1**: Otto is a United States citizen.

**Answer No. 1**:

Defendant objects to this Request as unduly burdensome, oppressive and harassing, and disproportionate to Plaintiff's legitimate discovery needs because it seeks information that is uniquely within Plaintiff's own knowledge, possession, and control. Defendant further objects to this Request as it calls for a legal conclusion rather than an admission of fact.

Subject to the foregoing objections, Defendant does not have knowledge sufficient to admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge and information about Plaintiff's citizenship beyond Plaintiff's own allegations.

**Request No. 2**: Otto maintains an address in New Jersey.

**Answer No. 2**:

Defendant objects to this Request as unduly burdensome, oppressive and harassing, and disproportionate to Plaintiff's legitimate discovery needs because it seeks information that is uniquely within Plaintiff's own knowledge, possession, and control.

Subject to the foregoing objection, Defendant does not have knowledge sufficient to admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge and information about Plaintiff's address beyond Plaintiff's own allegations and testimony.

**Request No. 24**: The 309 Registration is a matter of public record.

**Answer No. 24**:

Defendant admits that U.S. Copyright Registration No. VA 2-055-309 is a matter of public record and that, if authentic, the document produced under Bates stamp OTTO_001 is also a matter of public record. Defendant does not have knowledge sufficient to further admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge and information about the "309 Registration" beyond Plaintiff's own allegations and testimony.

**Request No. 25**: The website maintained by the U.S. Copyright Office contains a record of the 309 Registration.

**Answer No. 25**:

Defendant admits that the website maintained by the U.S. Copyright Office contains a record of U.S. Copyright Registration No. VA 2-055-309. Defendant does not have knowledge sufficient to further admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge and information about the "309 Registration" beyond Plaintiff's own allegations and testimony.

**Request No. 26**: The Photograph is registered as part of the 309 Registration.

**Answer No. 26**:

Defendant does not have knowledge sufficient to admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge and information about the registration of the Photograph as part of U.S. Copyright Registration No. VA 2-055-309 and the "309 Registration" beyond Plaintiff's own allegations and testimony.

**Request No. 27**: Otto caused a copy of the Photograph to be deposited with the U.S. Copyright Office as part of the 309 Registration.

**Answer No. 27**:

Defendant objects to this Request as unduly burdensome, oppressive and harassing, and disproportionate to Plaintiff's legitimate discovery needs because it seeks information that is uniquely within Plaintiff's own knowledge, possession, and control.

Defendant does not have knowledge sufficient to admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge and information about the depositing of the Photograph as part of U.S. Copyright Registration No. VA 2-055-309 and the "309 Registration" beyond Plaintiff's own allegations and testimony.

**Request No. 28**: Otto obtained the 309 Registration within five (5) years after first publication of the Photograph.

**Answer No. 28**:

Defendant objects to this Request as unduly burdensome, oppressive and harassing, and disproportionate to Plaintiff's legitimate discovery needs because it seeks information that is uniquely within Plaintiff's own knowledge, possession, and control.

Subject to the foregoing objection, Defendant admits that U.S. Copyright Registration No. VA 2-055-309 is effective within five (5) years after first publication of the Photograph. Defendant does not have knowledge sufficient to further admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge or information about the "309 Registration" beyond Plaintiff's own allegations and testimony.

**Request No. 65**: Hearst could have commissioned its own photographer to take pictures of President Trump at the wedding.

**Answer No. 65:**

Denied.

**Request No. 66**: Hearst could have published the Article without the Photograph.

**Answer No. 66:**

Denied.

**Request No. 67**: Hearst could have published the Article without any photograph.

**Answer No. 67:**

Denied.

**Request No. 68**: Hearst publishes news articles without any photographs.

**Answer No. 68:**

Admitted.

**Request No. 69**: The Website publishes news articles without any photographs.

**Answer No. 69:**

Admitted.

**Request No. 70**: The Photograph as published on the Website does not contain an attribution or credit to any photographer.

**Answer No. 70:**

Defendant denies that the Photograph as published on the Website does not contain an attribution or credit. Defendant does not have knowledge sufficient to further admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge or information about

Subject to the foregoing objection, Defendant does not have knowledge sufficient to admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge or information about the licensing intent of the person who distributed the Photograph on Instagram.

**Request No. 82**: Otto never granted Hearst authorization to copy the Photograph or distribute copies of his image to the public.

**Answer No. 82:**

Defendant admits that Otto never directly granted Hearst authorization to copy the Photograph or distribute copies of his image to the public. Defendant does not have knowledge sufficient to further admit or deny this Request, after making a diligent effort to identify and collect all information within its possession, custody, and control. Specifically, Defendant lacks knowledge or information about Plaintiff's alleged ownership of the image beyond Plaintiff's own allegations and testimony.

**Request No. 83**: Otto never granted Hearst authorization to prepare a derivative work based on the Photograph.

**Answer No. 83:**

Defendant admits that Otto never directly granted Hearst authorization to prepare a derivative work based on the Photograph, but otherwise denied.

**Request No. 84**: Prior to publishing the Photograph on the Website, Hearst did not communicate with Otto.

**Answer No. 84:**

Admitted.

**Request No. 85**: Subsequent to publishing the Photograph on the website, but before this lawsuit was filed, Hearst did not communicate with Otto.

**Answer No. 85:**

Admitted.

**Request No. 86**: In the past two years, Hearst has been sued for copyright infringement in the United States District Court, Southern District of New York at least 13 times.

**Answer No. 86:**

Denied.

**Request No. 87**: In the past two years, Hearst has been sued for copyright infringement in the United States District Court, Southern District of New York at least 10 times.

**Answer No. 87:**

Admitted.

**Request No. 88**: In the past two years, Hearst has settled at least 8 copyright infringement lawsuits brought against it [sic] the United States District Court, Southern District of New York.

**Answer No. 88:**

Denied.

**Request No. 89**: In the past two years, Hearst has settled at least 5 copyright infringement lawsuits brought against it [sic] the United States District Court, Southern District of New York.

**Answer No. 89:**

Admitted.

**Request No. 90**: Hearst reported $10.8 billion in revenues for the year 2016.

**Answer No. 90:**

Denied.

**Request No. 91**: Hearst reported $10.7 billion in revenues for the year 2015.

**Answer No. 91:**

Denied.

Respectfully submitted,

/s/ Jennifer D. Bishop
Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

Dated: December 22, 2017

**CERTIFICATE OF SERVICE**

I, Ravi V. Sitwala, hereby certify that on December 22, 2017, a true and correct copy of the foregoing document was served upon the following counsel via FedEx and electronic mail:

Richard Liebowitz
James H. Freeman
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
JF@LiebowtizLawFirm.com

/s/ Jennifer D. Bishop
Jennifer D. Bishop