# HEARST

February 27, 2018

**Office of
General Counsel**

Eve Burton
**Senior Vice President
Chief Legal Officer**

Catherine A. Bostron
**Corporate Secretary**

Jonathan R. Donnellan
Mark C. Redman
**Vice President
Deputy General Counsel**

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
**Associate General Counsel**

Debra S. Weaver
**Senior Counsel**

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoto
Kate Mayer
Marianne Chow Newman
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
**Counsel**

\* Not admitted or
  resident in New York

Jennifer D. Bishop
Counsel

**BY ECF**

Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 21-D
New York, New York 10007

Re:  *Otto v. Hearst Communications Inc.*, No. 1:17-cv-4712-GHW

Dear Judge Cott:

I write on behalf of Defendant Hearst Communications, Inc. ("Hearst") pursuant to Rule II.B.2 of Your Honor's Individual Practices and Judge Woods' February 9, 2018 Amended Order Referring Case to Magistrate Judge (ECF No. 32) to respectfully request a pre-motion conference concerning Hearst's anticipated motion for sanctions against Plaintiff and his counsel.

*Background and Procedural History.* Plaintiff is an employee of Deutsche Bank who happened to capture a photograph of President Trump while attending a friend's wedding at a Trump-owned golf club on June 10, 2017 (the "Photograph"). Hearst later obtained the Photograph from an Instagram account that does not belong to Plaintiff and published it on Esquire.com as part of a news article about President Trump's appearance at the wedding entitled "President Trump is the Ultimate Wedding Crasher." On June 21, 2017, Plaintiff filed this copyright infringement action against Hearst, without providing Hearst with any pre-suit notification of his claim.

At the outset of the case, Hearst lacked any information about Plaintiff's claimed lost license fee resulting from Hearst's use of the Photograph or any other claimed damages. Accordingly, as reflected in the parties' initial joint submission to Judge Woods (ECF No. 11), Hearst proposed that a settlement conference would be appropriate following the completion of fact discovery after Hearst learned more about the basis of Plaintiff's claims. However, after Plaintiff's counsel repeatedly asked for an earlier conference (including during the August 24, 2017 initial pretrial conference), the parties attended a settlement conference with Your Honor on October 23, 2017 (the "Settlement Conference"). Prior to the Settlement Conference, the only information Hearst had about Plaintiff's claimed lost

Honorable James L. Cott
February 27, 2018
Page 2

license fee was an October 18, 2017 interrogatory response stating that "Plaintiff . . . calculates the loss of licensing fee in the range of $5,000 based on the market rate of photographs of similar style, quality and content."

The Settlement Conference was unsuccessful, and both parties continued with discovery. Plaintiff made his first production of documents in this matter on December 5, 2017, and made follow-up productions throughout December. Hearst also took Plaintiff's deposition on December 11, 2017.

**_Nature of the Proposed Motion._** At the end of fact discovery, Hearst learned of misconduct by Plaintiff and his counsel concerning Plaintiff's purported evidence of license fees for the Photograph, which began during the Settlement Conference and continued through Plaintiff's later document productions and deposition testimony. Based on this misconduct, Hearst intends to file a motion for sanctions against Plaintiff and Mr. Liebowitz pursuant to Rules 16(f) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority.

Hearst is not providing further detail regarding Plaintiff's and his counsel's misconduct in this publicly-filed letter due to the confidential nature of the Settlement Conference and the relevant documents.

**_Plaintiff's Counsel Has Been Notified of the Grounds for the Motion._** On January 26, 2018 at approximately 3:30 p.m., the undersigned and my colleague Ravi V. Sitwala discussed the conduct that will be the subject of Hearst's motion with Plaintiff's counsel James H. Freeman for approximately 30 minutes. Mr. Freeman disagreed that there was anything improper about the conduct at issue. Subsequently, during the parties' February 5, 2018 pretrial conference with Judge Woods, I stated that Hearst intended to file a motion for sanctions based on the conduct previously discussed with Mr. Freeman, and Mr. Freeman acknowledged that he was aware of the grounds for the motion. Judge Woods then referred the sanctions issue to this Court. (*See* ECF No. 32.)[1]

Accordingly, Hearst seeks a pre-motion conference before Your Honor to discuss and set a briefing schedule on its motion for sanctions against Plaintiff and his counsel.

Respectfully submitted,

/s/ Jennifer D. Bishop
Jennifer D. Bishop

*Counsel for Defendant*

cc: All counsel of record (via ECF)

---

[1] As also noted on the record during the February 5 conference, both parties agree that Hearst's intended sanctions motion will not affect the scheduled briefing of their cross-motions for summary judgment.