

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

February 27, 2018

**VIA ECF**

Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 21-D
New York, NY 10007

Re:   *Otto v. Hearst Communications, Inc.,* 1:17-cv-04712 (GHW-JLC)

Dear Judge Cott:

      We represent Plaintiff Jonathan Otto in the above-captioned case. We write pursuant to Rule II.B of Your Honor's Individual Practices and in opposition to Defendant Hearst Communications, Inc.'s request for a pre-motion conference to file a motion for discovery-related sanctions against Plaintiff and his lead counsel.

      As a procedural matter, Hearst's anticipated motion would violate FRE 408 as well as paragraph 1 of this Court's Standing Order for All Cases Referred to Settlement. Whatever arguments were made during the course of a confidential settlement conference, in furtherance of zealous advocacy, cannot possibly form the basis of a sanctions motion. As a substantive matter, Hearst seeks to sanction Plaintiff and its counsel simply because it disagrees with Plaintiff's legal interpretation of a contract to which Plaintiff is a signatory. Hearst's attempt to use an ancillary sanctions proceeding as a vehicle to litigate the merits of Plaintiff's damages theory is a clear-cut abuse of judicial process that should not be countenanced. For the following reasons, the motion should be denied.

**A.     Hearst's Intent to Use Statements Made During the Course of a Confidential Settlement Conference Plainly Violates FRE 408**

      Hearst's intended sanctions motion seeks to open "Pandora's Box" by holding Plaintiff's counsel liable for legal argumentation made during the course of a confidential settlement conference. Plaintiff has diligently searched Westlaw and has found no case where a federal court imposed sanctions upon counsel (or a party) for statements allegedly made during an "off-the-record" settlement conference before a Magistrate Judge.

      Moreover, Rule 408 of the Federal Rules of Evidence plainly forecloses the intended motion which seeks to proffer evidence of "conduct or a statement made during compromise negotiations about the claim . . . either to prove or disprove the validity or amount of a disputed



claim or to impeach by a prior inconsistent statement or contradiction." FRE 408(a)(2). None of the exceptions provided by FRE 408(b) are even remotely applicable here.

Hearst claims that it "learned of misconduct by Plaintiff and his counsel concerning Plaintiff's purported evidence of license fees for the Photograph, which began during the Settlement Conference and continued through Plaintiff's later document productions and deposition testimony." [Dkt. # 43, p. 2] Accordingly, Hearst seeks to disprove the validity of the amount claimed by Plaintiff (re: licensing fees) and also seeks to impeach Plaintiff and his lead counsel by demonstrating that the statements made during the settlement conference somehow conflict with the documents produced or testimony elicited during discovery. This is precisely the evidence that FRE 408 prohibits. *See Ciolli v. Iravani*, 625 F. Supp. 2d 276, 288 (E.D. Pa. 2009) ("Part of an effective settlement process is a frank discussion of the relative merits of each party's case. If parties were permitted to take the content of these negotiations and use them in subsequent litigation for wrongful initiation of civil proceedings or abuse of process, then counsel would put themselves and their clients at risk of suit in every settlement conference in which they participate, resulting in either less effective or even non-existent negotiations. This is precisely the situation that FRE 408 is designed to avoid.").

B.   **Hearst's Intended Motion Also Violates The Court's <u>Standing Order</u> for All Cases Referred to Settlement**

Paragraph 1 of this Court's Standing Order for All Cases Referred to Settlement provides as follows: "<u>Confidential Nature of Conference</u>. All settlement conferences are 'off the record.' All communications relating to settlement are strictly confidential and may not be used for any purpose. They are not to be used in discovery and will not be admissible at trial."

The entire basis of Hearst's intended sanctions motion is to hold Plaintiff and his counsel liable for legal argumentation made during the settlement conference held before this Court on October 23, 2017. These arguments relate to Plaintiff's theory of economic damages. Pursuant to this Court's Standing Order, such statements are "strictly confidential and may not be used for any purpose." It is apparent that Hearst's counsel failed to read Your Honor's Order before launching this ill-conceived request for sanctions. In short, any attempt by Hearst to introduce evidence of communications made during the October 23, 2017 conference will be promptly met with a contempt proceeding.

C.   **Plaintiff's Legal Theory Regarding Licensing Fees is Viable Under Section 504(c)**

Facing Plaintiff's summary judgment motion on liability for copyright infringement [Dkt. #36], Hearst attempts to use this sanctions proceeding as a vehicle to advance its own damages theory in anticipation of trial. It could have just made a motion *in limine*. Instead, it seeks to waste judicial and party resources with frivolous sanctions motions.

Plaintiff maintains that a licensing fee obtained through settlement of an infringement claim is probative of a statutory damages award under 17 U.S.C. §504(c). Hearst disagrees. Ultimately, the jury will decide. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (Seventh Amendment provides right to jury trial on all issues pertinent to award of statutory damages in copyright infringement action, including amount itself).

Liebowitz Law Firm, PLLC

    For the foregoing reasons, and in the further interests of justice, Plaintiff respectfully requests that the Court denies Hearst's motion for a pre-motion conference.

                                                           Respectfully Submitted,

                                                           **/jameshfreeman/**
                                                           James H. Freeman

                                                           *Counsel for Plaintiff Jonathan Otto*