IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>          Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>          Defendant. | C.A. No. 1:17-cv-04712-GHW |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STRIKE THE
<u>FEB. 22, 2018 DECLARATION OF DONNA HALPERIN AND CERTAIN
PARAGRAPHS OF THE FEB. 24, 2018 DECLARATION OF JONATHAN OTTO</u>**

Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
THE HEARST CORPORATION
   Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst
Communications, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ....................................................................................1

ARGUMENT ...................................................................................................................................1

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agence France Press v. Morel*,
   293 F.R.D. 682 (S.D.N.Y. 2013) ...................................................................................3

*Am. Stock Exch., LLC v. Mopex, Inc.*,
   215 F.R.D. 87 (S.D.N.Y. 2002) .......................................................................................3

*Century Pac., Inc. v. Hilton Hotels Corp.*,
   528 F. Supp. 2d 206 (S.D.N.Y. Oct. 17, 2007) ................................................................1

*Dedyo v. Baker Eng'g NY, Inc.*,
   No. 96 Civ. 7152 (LBS), 1998 WL 9376 (S.D.N.Y. Jan. 13, 1998) ................................2

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006) .........................................................................................3, 4

*Fleming v. Verizon N.Y., Inc.*,
   No. 03 Civ. 5639 (WHP), 2006 WL 2709766 (S.D.N.Y. Sept. 22, 2006) .......................4

*Hollander v. Am. Cyanamid Co.*,
   172 F.3d 192 (2d Cir. 1999) .............................................................................................2

*Larouche v. Webster*,
   175 F.R.D. 452 (S.D.N.Y. 1996) .....................................................................................3

*Lebada v. N.Y.C. Dep't of Educ.*,
   No. 14 Civ. 758 (LAK) (GWG), 2016 WL 626059 (S.D.N.Y. Feb. 8, 2016) .................4

*Point Prods. A.G. v. Sony Music Entm't*,
   No. 93 Civ. 4001 (NRB), 2004 WL 345551 (S.D.N.Y. Feb. 23, 2004) ..........................4

*Regalado v. Ecolab Inc.*,
   No. 14 Civ. 6020 (LGS), 2016 WL 94139 (S.D.N.Y. Jan. 7, 2016) ...............................3

*U.S. Small Bus. Admin. v. Citibank, N.A.*,
   No. 94 Civ. 4259 (PKL), 1997 WL 45514 (S.D.N.Y. Feb. 4, 1997) ..............................3

**Statutes**

17 U.S.C. § 411(a) ...................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 37(c) ................................................................................................................3

Fed. R. Evid. 602 ................................................................................................................2

Defendant Hearst Communications, Inc. ("Hearst") respectfully submits this memorandum of law in support of its accompanying Motion to Strike:

## INTRODUCTION AND BACKGROUND

On February 26, 2018, Plaintiff filed a motion for partial summary judgment on the issue of liability for copyright infringement (ECF Nos. 36-37, the "Motion"), supported by the February 24, 2018 Declaration of Jonathan Otto (ECF No. 38, the "Otto Declaration" or "Otto Decl.") and the February 22, 2018 Declaration of Donna Halperin (ECF No. 39, the "Halperin Declaration" or "Halperin Decl."). These two declarations form the sole evidentiary support for Plaintiff's Motion, and both contain improper "evidence." Paragraphs 16-22 of the Otto Declaration purport to interpret documents produced by Hearst of which Plaintiff has no personal knowledge—in fact, Plaintiff has no knowledge *whatsoever* of the meaning of those documents, as he opted not to depose any Hearst personnel in this action. (Mar. 26, 2018 Declaration of Jennifer D. Bishop in Support of Defendant's Motions for Summary Judgment and to Strike and in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Bishop Decl.") ¶ 7.) Meanwhile, Ms. Halperin was *never* identified by Plaintiff as a person with knowledge of this case or a witness upon whom he would rely, even though he now relies heavily on her testimony to prove up his claim of a valid copyright registration. (Bishop Decl. ¶¶ 3-4, 6 & Exs. B, C, D.) This Court should strike Plaintiff's foundationless testimony and Ms. Halperin's undisclosed testimony from the summary judgment record.

## ARGUMENT

"Because a decision on [a] motion to strike may affect the movant's ability to prevail on summary judgment, it is appropriate to consider [a] Motion to Strike prior to the Motion for Summary Judgment." *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213

(S.D.N.Y. Oct. 17, 2007) (citation omitted).  Paragraphs 16-22 of the Otto Declaration and the entirety of the Halperin Declaration are improper and should be stricken before the Court considers the parties' cross-motions for summary judgment.

***First***, Paragraphs 16-22 of the Otto Declaration, which purport to interpret ***Hearst's*** internal documents, are inadmissible and without foundation because they are not based on Mr. Otto's personal knowledge.  Rule 56(c) of the Federal Rules of Civil Procedure requires that affidavits and declarations submitted in support of summary judgment "shall be made on personal knowledge," and a court should thus "strike portions of an affidavit that are not based upon the affiant's personal knowledge . . . ."  *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *Dedyo v. Baker Eng'g NY, Inc.*, No. 96 Civ. 7152 (LBS), 1998 WL 9376, at *4 (S.D.N.Y. Jan. 13, 1998).  Mr. Otto—who is the Plaintiff in this action and who has never worked at Hearst (Bishop Decl. Ex. A at 9:22-10:4)—plainly lacks personal knowledge about the meaning of documents that display information within Hearst's internal content management system ("CMS") (Otto Decl. ¶¶ 16-20) as well as the meaning of a conversation between two Hearst employees (Otto Decl. ¶¶ 21-22).

In fact, as is made clear by Hearst's own summary judgment papers, including the March 26, 2018 Declaration of Michael Sebastian (ECF No. 54, "Sebastian Decl."), Plaintiff's speculative reading of Hearst's documents is flat-out wrong.  Among other things, Hearst's CMS does ***not*** always "permit Hearst to enter information for [an image's] Copyright owner" as Plaintiff declares.  (Otto Decl. ¶ 18.)  If an image does not come from one of Hearst's common

sources, such as AP or Getty, the "Copyright" field must be left blank. (Sebastian Decl. ¶¶ 19-22.) Plaintiff's prejudicial reading of Hearst's documents—based on nothing at all—is improper summary judgment evidence and should be stricken from the record. *See, e.g.*, *Regalado v. Ecolab Inc.*, No. 14 Civ. 6020 (LGS), 2016 WL 94139, at *3 (S.D.N.Y. Jan. 7, 2016) (striking affidavit that did not purport to be based on personal knowledge); *Larouche v. Webster*, 175 F.R.D. 452, 454-58 (S.D.N.Y. 1996); *U.S. Small Bus. Admin. v. Citibank, N.A.*, No. 94 Civ. 4259 (PKL), 1997 WL 45514, at *3 (S.D.N.Y. Feb. 4, 1997).[1]

***Second***, the Halperin Declaration is the testimony of a fact witness who was ***never*** disclosed by Plaintiff in his Rule 26(a) disclosures or in response to Hearst's interrogatories—not even when Plaintiff supplemented his disclosures less than a month before the close of fact discovery. (Bishop Decl. ¶¶ 3-6 & Ex. B, C, D.) Under the Federal Rules, Plaintiff is thus "not allowed to use [her testimony] to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). It is irrelevant whether the failure to disclose was unintentional. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Rather, preclusion is "automatic" unless Plaintiff can prove that his disclosure failure was "justifi[ed] to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request" or "there is no prejudice to" Hearst. *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (citation omitted).[2]

---

[1] Hearst does not dispute that it produced the documents that are attached as Exhibits I, J, and K to the Otto Declaration, and is not moving to strike the portion of Paragraph 17 that reads "A true and correct copy of the document bearing bate stamp numbers HCI-OTTO-00012-18 is attached hereto as Exhibit I," the portion of Paragraph 18 that reads "A true and correct copy of the document bearing bate stamp numbers HCI-OTTO-00027-32 is attached hereto as Exhibit J," or the portion of Paragraph 22 that reads "A true and correct copy of the document bearing bate stamp number HCI-OTTO-000278-80 is attached hereto as Exhibit K."

[2] In evaluating whether a party has met this standard, courts in this Circuit generally look to: "(1) the party's explanation for its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance." *Agence France Press v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y.

3

Plaintiff can do neither. Ms. Halperin's testimony concerns the circumstances of the purported registration of the image at issue with the U.S. Copyright Office, which allegedly occurred many months before Plaintiff made Rule 26(a) disclosures (*see* Halperin Decl. ¶¶ 6-8; Bishop Decl. ¶ 3) and that is a prerequisite to Plaintiff's claim for copyright infringement, 17 U.S.C. § 411(a). Ms. Halperin's testimony is apparently the ***only*** evidentiary support for this important fact: as explained in Hearst's memorandum of law in support of its motion for summary judgment (ECF No. 52), and Plaintiff himself is "not sure how [the actual registration process] was handled" (Bishop Decl. Ex. A at 53:2-25). *See Point Prods. A.G. v. Sony Music Entm't*, No. 93 Civ. 4001 (NRB), 2004 WL 345551, at *11 (S.D.N.Y. Feb. 23, 2004) (concluding that the importance of evidence to a party's case "only serves to underscore the inexcusable quality of its delayed submission"). There can be no real dispute that Plaintiff should have known to disclose her as a fact witness in this case, and that Hearst has been prejudiced by its inability to take her deposition and test her assertions about Plaintiff's copyright registration. Accordingly, Plaintiff cannot rely on her testimony now, and the Halperin Declaration must be stricken. *See, e.g.*, *Fleming v. Verizon N.Y., Inc.*, No. 03 Civ. 5639 (WHP), 2006 WL 2709766, at *8-9 (S.D.N.Y. Sept. 22, 2006) (granting motion to strike declarations of witnesses that were not disclosed pursuant to Rule 26(a) or (e)); *Lebada v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 758 (LAK) (GWG), 2016 WL 626059, at *4-7 (S.D.N.Y. Feb. 8, 2016) (precluding summary judgment affidavits of previously undisclosed witnesses).

---

2013). The facts set forth below show that the first three factors weigh in favor of preclusion, and a continuance at this stage—when both parties have already cross-moved for summary judgment—would only further prejudice Hearst. *See Design Strategy*, 469 F.3d at 297 (affirming lower courts' preclusion of testimony and evidence and noting that reopening discovery would result in "severe" prejudice to the defendants).

## **CONCLUSION**

For the foregoing reasons, this Court should grant Hearst's motion and strike Paragraphs 16-22 of the Otto Declaration and the entirety of the Halperin Declaration.

Dated: March 26, 2018  
       New York, New York

Respectfully submitted,

/s/ Jennifer D. Bishop
Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 26, 2018.

                                                             /s/ Jennifer D. Bishop
                                                             Jennifer D. Bishop