IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>        Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>        Defendant. | C.A. No. 1:17-cv-04712-GHW |

**DECLARATION OF JENNIFER D. BISHOP
IN SUPPORT OF DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT AND TO STRIKE AND IN OPPOSITION
TO PLAINITFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

    I, JENNIFER D. BISHOP, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    My name is Jennifer D. Bishop, and I am over the age of 18 and fully competent to make this Declaration. I am an attorney admitted to practice before this Court. I am employed as Counsel to the Hearst Corporation, in the Office of the General Counsel, and an attorney for Defendant Hearst Communications, Inc. ("Hearst") in this action. I make this Declaration in support of Hearst's Motion for Summary Judgment and Motion to Strike and in opposition to Plaintiff's Motion for Partial Summary Judgment. I have personal knowledge of the matters stated in this Declaration, and each statement is true and correct.

**Plaintiff's Deposition**

    2.    Attached hereto as <u>Exhibit A</u> is a true, correct, and complete copy of the transcript of the December 11, 2017 Videotaped Deposition of Jonathan Otto ("the Deposition"), along with Exhibits 1-6 and 8-11 to that Deposition. Exhibit 7 to the Deposition is a document that has been designated confidential and is omitted. Exhibits 12-14 to the Deposition are discovery

disclosures and responses that are described in Paragraphs 3, 4, and 6 below and are attached to this Declaration in excerpted form.

**Plaintiff's Discovery and Disclosure Efforts**

3. On September 1, 2017, Plaintiff served Hearst with his initial disclosures in this action pursuant to Rule 26(a). Those disclosures did not identify Sean Burke or Donna Halperin. A true and correct copy of the portion of Plaintiff's September 1, 2017 disclosures under the heading "Identity of Individuals Likely To Have Discoverable Information" is attached hereto as Exhibit B.

4. On October 18, 2017, Plaintiff responded to Hearst's first set of interrogatories in this action. Those responses did not identify Sean Burke or Donna Halperin as persons with knowledge relevant to: the allegations and claims made in the Complaint, the registration of the photograph at issue with the U.S. Copyright Office, or the licensing of the photograph at issue for use by any other person or publication. A true and correct copy of Plaintiff's responses and objections to Hearst's interrogatories numbered 1-3 is attached hereto as Exhibit C.

5. On November 16, 2017, I sent a letter to Plaintiff's counsel Richard Liebowitz in which I reminded him of Plaintiff's obligation to supplement his disclosures and interrogatory responses, among other things.

6. On November 28, 2017, Plaintiff provided Hearst with a document entitled "Plaintiff Jonathan Otto's Supplemental Disclosures Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure," in which he supplemented both his Rule 26(a) disclosures and discovery responses. Attached hereto as Exhibit D is a true and correct copy of the portions of that document that supplement Plaintiff's Rule 26(a) disclosures and his responses to Hearst's interrogatories numbered 1-3.

7. Plaintiff did not depose any current or former Hearst personnel during discovery in this action.

8. During discovery in this action, Plaintiff also did not produce an official, certified deposit copy from the U.S. Copyright Office establishing that the photograph at issue in this case is covered by Registration No. VA 2-055-309.

9. Plaintiff produced in this action a document bearing Bates stamps OTTO_0071-79, which is a Settlement and Release Agreement entered into between Plaintiff and Warner Brothers Entertainment, Inc. as of October 27, 2017. Exhibit B to that agreement, which I have reviewed, is entitled "Photography License," and does not contain any monetary consideration separate from that which was paid to settle and release Plaintiff's claims against Warner Brothers Entertainment, Inc. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's stipulation to certain facts concerning OTTO_0071-79.

**Hearst's Experience With Copyright Litigation**

10. While Hearst has been named in ten copyright infringement suits in this District in the last two years, Hearst has not been held liable in any of those lawsuits. All of those cases are based on different facts, and certain of them arose out of the actions of third parties for which Hearst has been or is being indemnified. Six of those lawsuits were filed by the Liebowitz Law Firm (the "Firm"). In one, the Firm's client has been ordered to post a bond before proceeding; in another, the Firm improperly filed against Hearst and then voluntarily dismissed the case after Hearst moved to dismiss.

11. Seven copyright infringement suits filed against Hearst in this District have been settled in the last two years. Those suits each arose out of different facts, and certain of them arose out of the actions of third parties for which Hearst was indemnified.

Executed this 26th day of March, 2018 in New York, New York.

                                                   /s/ Jennifer D. Bishop_____
                                                   JENNIFER D. BISHOP

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 26, 2018.

                                                  /s/ Jennifer D. Bishop
                                                  Jennifer D. Bishop