# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JONATHAN OTTO,

Plaintiff,

v.

HEARST COMMUNICATIONS, INC.,

Defendant.

**ECF No. 1:17-cv-3650 (RA)**

**PLAINTIFF'S ANSWERS AND**
**OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF**
**INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule

33.3 of the Local Rules of the United States District Court for the Southern District of New York

("Local Rules"), the Plaintiff Jonathan Otto ("Otto") hereby answers, under the threat of perjury

and objects to Defendant Hearst Communications, Inc. ("HEARST") First Set of Interrogatories

dated September 7, 2017, as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories.   These General

Objections apply to each of the Interrogatories, set forth immediately below, and are

incorporated therein by reference.   The Specific Objections, even if the same or similar, do not

waive the General Objections.  Answering any Specific Interrogatory shall not be construed as

an admission that the Defendant is entitle to any response more specific than provided:

1.  Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or

    obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal

    Rules.

2.  Plaintiff objects to the extent the Interrogatories seek information outside the scope of

    this proceeding.  To the extent that the information sought is not relevant nor proportional

**Interrogatory No. 1**

Identify each and every person known or believed by you to have knowledge or information relevant to the allegations made and/or claims raised in the Complaint, including without limitation each and every person who participated in, supplied information for, or was consulted concerning your answers to these Interrogatories, your responses to Hearst's Requests for the Production of Documents, and/or your initial disclosures, stating the substance of the knowledge or information that each such person is believed or known to possess.

ANSWER: OBJECTION.   The Plaintiff repeats and incorporates General Objections.  Plaintiff identifies himself, Jonathan Otto.

**Interrogatory No. 2**

Identify each and every person known or believed by you to be in possession of documents relevant to any of the allegations made and/or claims raised in the Complaint, stating the categories of documents that each such person is believed or known to possess.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. Plaintiff identifies himself as to the creation and publication of the photograph and the Defendant as to the infringement of the same.

**Interrogatory No. 3**

Identify each and every person known or believed by you to be in possession of knowledge or information relating to the following topics:

(a) effort(s) to identify uses and/or infringements of any image in which you claim ownership of a copyright (including the Photograph);

(b) the creation of the Photograph;

(c) your alleged ownership of a valid copyright in the Photograph;

(d) your registration of the Photograph with the U.S. Copyright Office;

(e) your contemplated, intended, or actual licensing of the Photograph for use by any other person or publication, including without limitation licenses granted to Laura Piatkowski, Kristen Piatkowski, DailyMail.com, and/or PhillyVoice.com;

(f) the fee(s) you have charged in exchange for a license or right to use any image in which you claim ownership of a copyright (including but not limited to the Photograph); and

(g) your claimed actual damages in this matter and/or the computation of such damages.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. An interrogatory is not the best vehicle of eliciting this information. Plaintiff refers to Defendant to Responses to Requests for Document Production.   Plaintiff identifies himself as to (b),(c),(e), (f), and (g).  Plaintiff identifies his counsel as to (a) and (d).