IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>   Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>   Defendant. | C.A. No. 1:17-cv-04712-GHW |

## DECLARATION OF RAVI V. SITWALA
## IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

I, RAVI V. SITWALA, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. My name is Ravi V. Sitwala, and I am over the age of 18 and fully competent to make this Declaration. I am an attorney admitted to practice before this Court. I am employed as Associate General Counsel to the Hearst Corporation, in the Office of the General Counsel, and an attorney for Defendant Hearst Communications, Inc. ("Hearst"). I make this Declaration in support of Hearst's Motion for a Sanctions (the "Motion"). I have personal knowledge of the matters stated in this Declaration, and each statement is true and correct.

**The Settlement Conference**

2. Both Plaintiff and his counsel attended the settlement conference before this Court on October 23, 2017. I also attended the conference with my colleague Jennifer D. Bishop and Michael Sebastian, the Digital Director of Esquire.com.

3. Near the outset of the conference, Mr. Liebowitz represented to me, my colleagues, and the Court that ██████████████████████████████████████

████████████████████████████████████████████████████████████████████████



4.

5.

6.

**Post-Discovery Conversations With Plaintiff's Counsel**

7.      On January 26, 2018, Ms. Bishop and I discussed Plaintiff's and his counsel's representations about OTTO_0067-0070 with Plaintiff's counsel James Freeman in a telephone conference.  During that call, Mr. Freeman stated in sum or substance that the Liebowitz Law Firm had purposefully structured Plaintiff's settlement with Warner Brothers as a settlement agreement with a license exhibit with the intention of relying on only the license exhibit as evidence of damages in other cases.  Mr. Freeman stated that Plaintiff's ability to hold out the exhibit as a separate license agreement was the "benefit of the bargain" with Warner Brothers.  He also stated that the Liebowitz Law Firm had attempted to structure settlements in this way before, but other defendants had not agreed to the structure.

8.      During the parties' pre-motion conference with the Court on March 6, 2018, Mr.

Freeman repeated the substance of his statements detailed in Paragraph 7.

Executed this 27th day of March, 2018, in New York, New York.

_____
RAVI V. SITWALA

## CERTIFICATE OF SERVICE

I hereby certify that, on March 27, 2018, and pursuant to the Court's Order of March 6, 2018 (ECF No. 50), a true and correct copy of the above document will be sent by electronic mail to CottNYSDChambers@nysd.uscourts.gov and served on counsel via Fed Ex and electronic mail at:

>    Richard Liebowitz
>    James H. Freeman
>    Liebowitz Law Firm, PLLC
>    11 Sunrise Plaza, Suite 305
>    Valley Stream, NY 11580
>    RL@LiebowitzLawFirm.com
>    JF@LiebowitzLawFirm.com

Also pursuant to the Court's March 6, 2018 Order, a redacted version of the foregoing document will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing at a later date.

/s/ Jennifer D. Bishop
Jennifer D. Bishop