**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN OTTO,<br><br>         Plaintiff,<br><br> - against –<br><br>HEARST COMMUNICATIONS, INC.<br><br><br>         Defendants. | 1:17-cv-04712 (GHW-JLC)<br><br>ECF Case |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FEB. 22, 2018 DECLARATION OF DONNA HALPERIN AND CERTAIN PARAGRAPHS OF THE FEB. 24, 2018 DECLARATION OF JONATHAN OTTO**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

ARGUMENT ........................................................................................................................... 1

POINT I:   PARAGRAPHS 16-22 OF OTTO'S DECLARATION SHOULD NOT BE PRECLUDED ................................................................................................... 1

   A.   Otto Has Personal Knowledge Of Documents Produced By Hearst Relating To The Unauthorized Publication Of His Photograph .................................................. 1

   B.   Otto Is Perfectly Competent To Describe The Contents Of The Data Entry Documents ........................................................................................................ 2

   C.   Pursuant to Fed.R.Evid. 701, Otto Is Entitled To Offer His Lay Opinion About the Contents Of The Data Entry Documents .................................................. 3

POINT II:   THE HALPERIN DECLARATION IS ADMISSIBLE TO BOLSTER THE VALIDITY OF THE 309 REGISTRATION AND SHOULD NOT BE PRECLUDED ................................................................................................... 5

   A.   The Halperin Declaration is Admissible Under F.R.E. 406 .................................... 5

   B.   The Halperin Declaration Should Not Be Precluded Because Defendant Knew All Along That Liebowitz's Office Registered the Photograph .................................... 6

CONCLUSION ........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**CASES**

*Barrowman v. Wright Med. Tech. Inc.*,
   No. C15-0717JLR, 2017 WL 4161688, at *3 (W.D. Wash. Sept. 19,
   2017), *reconsideration denied,* No. C15-0717JLR, 2017 WL 4882654 (W.D. Wash.
   Oct. 30, 2017) ................................................................................................................ 2

*BWP Media USA, Inc. v. Gossip Cop Media, Inc.*,
   196 F.Supp.3d 395, 403 (S.D.N.Y. 2016) ..................................................................... 6

*Ebewo v. Martinez*,
   309 F. Supp. 2d 600, 606–07 (S.D.N.Y. 2004) ............................................................. 6

*Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*
   No. 01 CIV. 1047 (AJP), 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) .......... 7

*Goodman v. Universal Beauty Prod. Inc.,*
   No. 17-CV-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018) ................ 7

*Isbell v. DM Records, Inc.,*
   No. 4:07-CV-146, 2012 WL 13006027, at *2 (E.D. Tex. July 17, 2012) .................. 2, 4

*Lore v. City of Syracuse,*
   No. 5:00–CV–1833, 2005 U.S. Dist. LEXIS 30328 *6, 2005 WL 3095506 *4
   (N.D.N.Y. Nov.17, 2005) ............................................................................................... 8

*Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*,
   304 F.R.D. 369, 379 (S.D.N.Y. 2015) .......................................................................... 7

*Morgenstern v. County of Nassau,*
   No. 04–Civ.–0058(JS) (ARL), 2008 WL 4449335, at *2 (E.D.N.Y. Sep. 29, 2008) ..... 7

*United States v. Sosa,*
   513 F.3d 194, 200 (5th Cir. 2008) ................................................................................ 5

**STATUTES**

17 U.S.C. § 107(1) ............................................................................................................. 4
17 U.S.C. § 504(c) ............................................................................................................. 4

**RULES**

Fed.R.Evid. 406 ................................................................................................................. 6
Fed.R.Evid. 701 .......................................................................................................... passim

## ARGUMENT

**POINT I:** **PARAGRAPHS 16-22 OF OTTO'S DECLARATION SHOULD NOT BE PRECLUDED**

Hearst seeks to preclude Paragraphs 16-22 of Otto's Declaration on two grounds. First, Defendant argues that Otto's testimony is "without foundation because they [the Data Entry documents] are not based on Otto's personal knowledge." [Dkt. # 56, p. 6 of 10]. Second, Hearst argues that Otto "has no knowledge whatsoever of the meaning of those documents as he opted not to depose any Hearst personnel in this action." [Dkt. # 56, p. 5 of 10].

As demonstrated below, Hearst's arguments do not warrant the striking of his testimony because: (a) Otto has personal knowledge of the documents in question (the "Date Entry documents") because Hearst produced them to Otto during the course of this litigation; (b) Otto is perfectly competent to describe the contents of the Data Entry documents; and (c) Otto is entitled to offer his lay opinion about the contents of the documents pursuant to Rule 701 of the Federal Rules of Evidence.

**A.** **OTTO HAS PERSONAL KNOWLEDGE OF DOCUMENTS PRODUCED BY HEARST RELATING TO THE UNAUTHORIZED PUBLICATION OF HIS PHOTOGRAPH**

Defendant argues that Otto's testimony in paragraphs 16-22 of his declaration is "without foundation because they [the Data Entry documents] are not based on Otto's personal knowledge." [Dkt. # 56, p. 6 of 10]. In support, Defendant cites boilerplate language from cases stating that a witness may only testify as to matters within his personal knowledge. [*Id.*] Otto does not dispute the general proposition that witnesses must possess personal knowledge about the subject matter of their testimony; but he

1

vehemently disputes Heart's ridiculous assertion that he has no personal knowledge of the documents at issue. After all, Hearst produced the documents directly to Otto, Otto reviewed them, and then offered descriptive testimony about the content of those documents. Otto therefore has personal knowledge of the documents and may testify as to their contents. *See, e.g.*, *Isbell v. DM Records, Inc.,* No. 4:07-CV-146, 2012 WL 13006027, at *2 (E.D. Tex. July 17, 2012) "(Braun has personal knowledge of the documents and evidence he reviewed in the course of his due diligence for DM"); *Barrowman v. Wright Med. Tech. Inc.*, No. C15-0717JLR, 2017 WL 4161688, at *3 (W.D. Wash. Sept. 19, 2017), *reconsideration denied,* No. C15-0717JLR, 2017 WL 4882654 (W.D. Wash. Oct. 30, 2017) ("Mr. Bigby has personal knowledge of the facts relayed in the first statement through his review of case documents.")

Hearst fails to cite any authority for the proposition that a witness who has direct knowledge of documents produced by an opposing party, and has had ample opportunity to review such documents, is precluded from testifying as to the existence of such documents.

**B.   OTTO IS PERFECTLY COMPETENT TO DESCRIBE THE CONTENTS OF THE DATA ENTRY DOCUMENTS**

Hearst next argues that even if Otto has personal knowledge of the documents themselves, he does not have personal knowledge about their *meaning*. [Dkt. # 56, p. 5 of 10]. But a cursory review of Otto's testimony in paragraphs 16-22 shows that he is not testifying about the *meaning* of those documents; he is simply offering a factual description of the contents of those documents. For example, he testifies that Hearst produced the documents during the course of this litigation [Dkt. #38, Otto Declr., ¶ 16], a fact which Hearst does not dispute. Otto also describes the title and date of each

2

document and recites the names of the data fields appearing on the very face of the documents [Id., ¶¶ 17-18]. He also notes that the data entry field for "Copyright" was left blank. [Id., ¶ 20]. Again, this information appears plainly on the face of the documents.

Significantly, nowhere in Otto's declaration does he draw any legal conclusions about the meaning of the fact that the Copyright field has been left blank. He just says it was left blank. While Otto does make legal arguments in his memorandum of law [Dkt. # 37] regarding the contents of the documents in question; paragraphs 16-22 of his declaration do nothing more than describe their contents. Hearst has provided no legal authority to support the striking of testimony which merely describes the contents of documents that have been produced during the course of litigation.

C. **PURSUANT TO FED.R.EVID. 701, OTTO IS ENTITLED TO OFFER HIS LAY OPINION ABOUT THE CONTENTS OF THE DATA ENTRY DOCUMENTS**

Even if Otto testifies as to the so-called "meaning" of the documents in question, his lay opinion is admissible under Rule 701 of the Federal Rules of Evidence. Pursuant to that rule, a witness who is not an expert may offer opinion testimony when it is: "(a) rationally based on the witness's perception, (b) helpful to a clear understanding of the witness' testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 702.

First, Otto is entitled to opine on the meaning of the Data Entry forms produced by Hearst because they are rationally based on his perception after reviewing the documents first-hand. Hearst argues that Otto's testimony concerning Hearst's data entry of copyright ownership information is "flat-out wrong." [Dkt. #56, p. 6 of 10] (citing the declaration of its own witness, Sebastien). Hearst may have identified an issue of

3

disputed fact concerning the issue of willfulness (which tends to defeat its own summary judgment motion); but Hearst has failed to provide a basis to strike Otto's testimony.  The fact is: on the face of the document bate-stamped HCI-OTTO-00028, the data entry field for "Copyright" was left blank.  Any layperson can see that.  Otto has merely noted that fact in his declaration based on his own rational perception.  *See United States v. Fowler,* 932 F.2d 306, 312 (4th Cir.1991) (admitting lay opinion upon foundation that witnesses were familiar with the documents).

Second, Otto's testimony is helpful to the present cross-motions for summary judgment because Hearst's failure to identify the copyright owner of the Photograph, and failure to properly attribute the Photograph to Otto upon publication of the Photograph, is relevant to two legal issues: (1) whether Hearst acted in bad faith in appropriating the Photograph for purposes of fair use analysis under 17 U.S.C. § 107(1); and (2) whether Hearst acted in reckless disregard of Otto's rights, i.e. whether the infringement was willful so as to warrant enhanced statutory damages under 17 U.S.C. § 504(c).  Thus, Otto's testimony regarding the Data Entry forms is helpful to the determination of a fact in issue.

Third, Otto's testimony in paragraphs 16 -22 of his declaration are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  While Hearst argues that the Data Entry forms are part of an "internal content management system," [Dkt. #56, p. 6 of 10], that doesn't mean that a layperson is unqualified to understand them.  The documents in question are simple data entry forms that are clearly labeled and easy to describe based on "reasoning familiar in everyday life." *Isbell*, 2012 WL 13006027, at *2 ("The distinction between lay and expert witness testimony is that

lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field.") (citing *United States v. Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

Accordingly, even if Otto did opine as to the meaning of the Data Entry forms produced by Hearst, his testimony is admissible pursuant to Rule 701.

**POINT II:   THE HALPERIN DECLARATION IS ADMISSIBLE TO BOLSTER THE VALIDITY OF THE 309 REGISTRATION AND SHOULD NOT BE PRECLUDED**

Hearst also argues that the declaration of Donna Halperin [Dkt. #39] should be stricken on grounds that Ms. Halperin, who is a full-time employee and agent of Plaintiff's lead counsel Richard Liebowitz, was not individually identified by name in Plaintiff's initial disclosures.  However, given that Richard Liebowitz's name is clearly identified on the face of the 309 Registration [Dkt. #39-3, p. 2 of 5], and given that Otto testified during his deposition that Richard Liebowitz's office handled the registration [*See* Otto's Deposition Tr., Bishop Declr. Ex. A at 53:12-15], Halperin's testimony should not be precluded as she is an agent of Liebowitz's office and Hearst was aware long before the close of discovery that Liebowitz's office had knowledge of the handling of the 309 Registration.

**A.   THE HALPERIN DECLARATION IS ADMISSIBLE UNDER F.R.E. 406**

Rule 406 of the Federal Rules of Evidence provides that evidence showing "an organization's routine practice may be admitted to prove that on a particular occasion the ... organization acted in accordance with the ... routine practice."  F.R.E. 406.

5

Furthermore, a "court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. 406.

In *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F.Supp.3d 395, 403 (S.D.N.Y. 2016), Judge Failla addressed the identical issue presented here. There, a plaintiff in a copyright infringement action involving photographs did not produce any direct evidence from the Copyright Office showing that the images were on deposit with the registration. However, the plaintiff provided testimony from one of its principals regarding plaintiff's routine handling of copyright applications and the deposit of the images in question. Citing F.R.E. 406, the court held that such testimony was sufficient to prove that the images were in fact the images on deposit with the applicable copyright registration. *See BWP Media USA*, 196 F.Supp.3d at 403 ("Plaintiff has submitted sufficient proof to satisfy, by a preponderance of the evidence, that the images copied by Defendant were in fact the images registered with the Copyright Office.").

As such, the testimony of Ms. Halperin, which attests to the fact that the Photograph at issue is on deposit with the 309 Registration, is admissible under Fed.R.Evid. 406 and *BWP Media.*

B. **THE HALPERIN DECLARATION SHOULD NOT BE PRECLUDED BECAUSE DEFENDANT KNEW ALL ALONG THAT LIEBOWITZ'S OFFICE REGISTERED THE PHOTOGRAPH**

Defendant argues that Ms. Halperin's testimony should be precluded because she was not individually disclosed as a witness as part of Plaintiff's Rule 26 initial disclosures. However, "[c]ourts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 606–07 (S.D.N.Y. 2004).

6

Moreover, "identification of potential witnesses through deposition testimony obviates the need for a formal supplementation to Rule 26(a)(1) disclosures." *Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, 304 F.R.D. 369, 379 (S.D.N.Y. 2015) (citations omitted); *see also Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, No. 01 CIV. 1047 (AJP), 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) ("a failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.") (citing 6 *Moore's Federal Practice* § 26.27 [2][d] at p. 26–93.); *Morgenstern v. County of Nassau,* No. 04–Civ.–0058(JS) (ARL), 2008 WL 4449335, at *2 (E.D.N.Y. Sep. 29, 2008) (finding failure to disclose witness harmless, and refusing to exclude affidavit, where opposing party "was well aware of" the witness's "role in th[e] lawsuit" and his "personal knowledge of" relevant facts).

Here, the record shows that Defendant was sufficiently aware that the 309 Registration was obtained by the Liebowitz Law Firm. Ms. Halperin is an employee and agent of the firm. [Dkt. #39, ¶ 2].

First, Richard Liebowitz's name appears on the face of the 309 Registration under "Certification." [Dkt. #39-3, p. 2 of 5]   This fact alone placed Defendant on notice that Liebowitz, and employees of his law firm, had personal knowledge of the images on deposit with the 309 Registration. In *Goodman v. Universal Beauty Prod. Inc.*, Judge Forrest recently found that a declaration from Liebowitz is sufficient to establish that a photograph is on deposit with the Copyright Office, particularly where there is no evidence to refute it. *See Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018) ("plaintiff submitted a

7

declaration from his attorney, Richard Liebowitz, which states that the registration is in fact for the Photograph. Notably, Liebowitz is also the person whose name is on the certification, indicating that he is the one who filed for certification, and thus has first-hand knowledge of which artistic work it relates to. However, once again, defendants offer no evidence to counter Leibowitz's sworn declaration.").

Second, Plaintiff testified during his deposition that the registration of the Photograph was handled by his counsel, the Liebowitz Law Firm. *See* Otto's Deposition Tr., Bishop Declr. Ex. A at 53:12-15 which reads:

Q: Do you know how it was submitted?

A: I believe Richard's office submitted it.

Otto's deposition testimony again placed Defendant on notice that Liebowitz, and by extension his employees, had direct, first-hand knowledge of the 309 Registration. Accordingly, Ms. Halperin's declaration is not "trial by ambush." Rather, Defendant suffers no prejudice whatsoever by introduction of the Halperin declaration given that Defendant has known for months that the Liebowitz Law Firm registered the Photograph. *See Lore v. City of Syracuse,* No. 5:00–CV–1833, 2005 U.S. Dist. LEXIS 30328 *6, 2005 WL 3095506 *4 (N.D.N.Y. Nov.17, 2005) (noting there is little prejudice when the witness was known during the discovery process).

## CONCLUSION

For the foregoing reasons, Defendant's motion to strike should be DENIED in its entirety.

Respectfully Submitted,

LIEBOWITZ LAW FIRM PLLC

by: **/jameshfreeman/**
Richard Liebowitz
James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

*Counsel for Plaintiff Jonathan Otto*

9