# EXHIBIT E

Richard Liebowitz (rl@liebowitzlawfirm.com)
LIEBOWITZ LAW FIRM PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660

*Attorneys for Plaintiff Jonathan Otto*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN OTTO<br><br>        Plaintiff,<br><br>- against -<br><br>HEARST COMMUNICATIONS, INC.<br><br>        Defendant. | Case No. 1:17-cv-4712 (GHW) |

**PLAINTIFF JONATHAN OTTO'S SUPPLEMENTAL DISCLOSURES PURSUANT TO**
**RULE 26(e) of THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff Jonathan Otto ("plaintiff"), by and through its attorneys, hereby supplements and/or corrects his previous disclosures and responses as follows:

**DEFINITIONS AND INSTRUCTIONS**

1.  The definitions and instructions set forth in plaintiff's First Set of Requests for the Production of Documents and First Set of Interrogatories are incorporated by reference as if fully set forth herein.

## SUPPLEMENT TO INITIAL DISCLOSURES

1. As previously communicated to defendant via e-mail on November 22, 2017, the following additional persons are reasonably likely to have discoverable information:

| Name | Company Affiliation / Address | Expected Areas of Knowledge |
|---|---|---|
| Sean Burke | Unknown – (was an attendee at the Wedding) | • Knowledge regarding publication of the Photograph. |
| Kat Kellerman | Unknown (was an attendee at the Wedding) | • Knowledge regarding publication of the Photograph. |

## SUPPLEMENT / CORRECTIONS TO PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

• **Answer to Interrogatory 1:** Plaintiff identifies Sean Burke and Kat Kellerman.

• **Answer to Interrogatory 2:** Plaintiff identifies Sean Burke and Kat Kellerman as to their knowledge regarding publication of the Photograph.

• **Answer to Interrogatory 3:** Plaintiff identifies Sean Burke and Kat Kellerman as to (a) the uses and/or infringement of the Photograph.

• **Answer to Interrogatory 4**: Aside from confidential settlement agreements procured in connection with infringing uses by third parties, Plaintiff is not in possession, custody or control of any contract or agreement relating to the Photograph.

• **Interrogatory No. 5**: Plaintiff identifies a licensing agreement entered into with Warner Bros. Entertainment, Inc.

## SUPPLEMENT / CORRECTIONS TO PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS

• **Response to Request 5:** Subject to and without waiving the general and specific objections stated therein, and provided that the term "communications" includes lawsuits

filed by Plaintiff against Warner Bros. Entertainment Inc. relating to the Photograph, Plaintiff shall produce non-privileged documents responsive to Request No. 5.

- **Response to Request 6:**  Subject to and without waiving the general and specific objections stated therein, and provided that the term "communications" includes lawsuits filed by Plaintiff against CBS Broadcasting, Inc. relating to the Photograph, Plaintiff shall produce non-privileged documents responsive to Request No. 6.

- **Response to Request 7:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 7.

- **Response to Request 11:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 11.

- **Response to Request 12:** Plaintiff objects to Request No. 12 on grounds of the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 12.

- **Response to Request 13:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 13.

- **Response to Request 15:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 15.

- **Response to Request 16:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 16.

- **Response to Request 17:** Subject to and without waiving the general and specific objections stated therein, Plaintiff cannot produce documents responsive to Request No. 17 without potentially violating the terms of said agreements. Accordingly, no further response is required.

- **Response to Request 18:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 18.

- **Response to Request 20:** Subject to and without waiving the general and specific objections stated therein, and beyond what's available in the public record and therefore easily accessible by defendant via ECF, Plaintiff does not have documents in its possession, custody or control responsive to Request No. 20.

- **Response to Request 22:** Subject to and without waiving the general and specific objections stated therein, Plaintiff shall produce non-privileged documents responsive to Request No. 22.

DATED:	November 28, 2017
	Valley Stream, NY

Respectfully Submitted,

/s/Richard Liebowitz
Richard P. Liebowitz
Yekaterina Tsyvkin
James H. Freeman
Liebowitz Law Firm
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

(516)233-1660
rl@liebowitzlawfirm.com

*Attorneys for Jonathan Otto*

To :   Jennifer B. Bishop, Esq.
       Hearst Communications, Inc.
       300 West 57th Street
       New York, NY 10019
       jbishop@hearst.com

*Service of this document is effectuated by e-mail*