# Exhibit A

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   JONATHAN OTTO

 4              Plaintiff

 5         v.                              17 Civ. 4712 (GHW)
                                           Conference
 6   HEARST COMMUNICATIONS, INC.

 7              Defendant

 8   ------------------------------x
                                           New York, N.Y.
 9                                         February 5, 2017
                                           4:00 p.m.
10
     Before:
11
                     HON. GREGORY H. WOODS
12
                                     District Judge
13
                         APPEARANCES
14
     LIEBOWITZ LAW FIRM
15        Attorney for Plaintiff
     JAMES FREEMAN
16
     HEARST CORPORATION
17   OFFICE OF GENERAL COUNSEL

18        Attorneys for Defendant
     JENNIFER BISHOP
19   RAVI V. SITWALA

20

21

22

23

24

25
```

1     before we adjourn?  I do want to raise with the parties whether
2     there is anything I can do to help facilitate a resolution of
3     the case.  Summary judgment motion practice is generally
4     speaking expensive and time-consuming.  This is a good
5     opportunity for the parties to engage substantively in a
6     discussion about resolving the case.
7            How can I help with that, counsel for defendant?
8            MS. BISHOP:  Thank you, your Honor.
9            We actually had a settlement conference back in
10    October before Judge Cott, which did not result in a
11    settlement.  At this point we are not optimistic that the
12    parties are close enough together to have a more productive
13    settlement talk at this point.  We are of course willing and
14    always are willing to continue discussing settlement informally
15    and open to hearing new demands and making new offers as things
16    proceed.
17            You also asked if we had anything else to raise and
18    there was one issue we wanted to raise just briefly before your
19    Honor.  At the end of fact discovery, we learned of some
20    misconduct by plaintiff and counsel that began during the
21    initial October settlement conference with Judge Cott and
22    continued throughout the discovery period.  We believe we need
23    to raise this issue with the Court, but given that it commenced
24    during the confidential session with Judge Cott, we thought
25    that it would be best raised before him --

1          THE COURT:  Thank you.

2          MS. BISHOP:  -- in the first instance.

3          THE COURT:  Let me just take that up.

4          Yes, to the extent that the issue arises from conduct during the mediation session, I will request that you take it up with Judge Cott in the first instance.  I say that first because the those conferences are confidential.  I don't know of any fact that it was not successful what happened during it.  I don't need to know what happened during it and will not inquire.  So to the extent there is an issue that you want to bring up with respect to this issue, please do bring it to Judge Cott in the first instance.

13         To the extent that the issue is -- I will call it -- broader than what happened this context of the mediation itself, it may be that the issue falls outside of the scope of my current reference to Judge Cote in which case I will consider.  If the parties think it is appropriate, and in particular if Judge Cott thinks it is appropriate, referring the entire issue to him for resolution.

20         Let me ask this question:  Is this an issue that can be worked on and resolved in parallel to the substantive litigation of the issues that we have been discussing?

23         MS. BISHOP:  We believe so.  It doesn't impact the grounds for summary judgment that both parties intend to move on.

I25QOTTc1

| | |
|---|---|
| 1 | THE COURT:  Thank you. |
| 2 | Do you know what the issue is, counsel for plaintiff? |
| 3 | MR. FREEMAN:  I do and I would like to make a |
| 4 | preliminary note that I made a notice of appearance in this |
| 5 | case in November and that settlement conference and the |
| 6 | plaintiff's counsel that they are referring to was original |
| 7 | Richard Liebowitz.  So I want to make that point of |
| 8 | clarification. |
| 9 | THE COURT:  Fine. |
| 10 | MR. FREEMAN:  I am aware of it, but it is dealing with |
| 11 | an interpretation of a settlement agreement and how it relates |
| 12 | to a licensing agreement.  So it is a damages issue. |
| 13 | THE COURT:  I don't need to know anything more about |
| 14 | the substances of it. |
| 15 | The one thing I would suggest is to the extent this is |
| 16 | properly framed like a motion for sanctions with respect to |
| 17 | discovery, that most likely falls outside the scope of my |
| 18 | current reference to Judge Cote.  In order for me to put that |
| 19 | in front of him more formally, I would ask that you request |
| 20 | that I refer that issue to Judge Cott so that I can do so.  To |
| 21 | the extent that this is not going to impact the litigation of |
| 22 | the substance of the case going forward before me, I think it |
| 23 | properly would make sense for me to refer to Judge Cott so that |
| 24 | you can handle this issue before him on a separate track. |
| 25 | Counsel for plaintiff, anything further? |