IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>        Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>        Defendant. | C.A. No. 1:17-cv-04712-GHW |

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

Defendant Hearst Communications, Inc. ("Hearst") respectfully submits this memorandum of law in opposition to Plaintiff's Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201 (ECF No. 76 (the "Motion")).

## INTRODUCTION AND BACKGROUND

Plaintiff's Motion is a belated and improper attempt to supplement the summary judgment record with evidence that he strategically decided not to develop during discovery and—until now—has consistently argued is not necessary to his case. Plaintiff elected *not* to obtain an official certified copy of his deposit with the U.S. Copyright Office for Registration Number 2-055-309 (the "309 Registration") during the months-long discovery period (and accordingly did not produce that document to Hearst), and he asserted on summary judgment that the registration certificate alone establishes that the 309 Registration covers the photograph at issue in this case. (ECF No. 37 ("Pl. S.J. Br.") at 6-8; ECF No. 70 ("Pl. S.J. Reply") at 3-4, 9-10.) Even after Hearst pointed out why this claim is incorrect and that Plaintiff's additional evidence concerning his registration was either subject to preclusion or unreliable, Plaintiff

continued to insist that the deposit copy was not necessary. (ECF No. 52 ("Hearst S.J. Br.") at 37-38; Pl. S.J. Reply at 3-11; ECF No. 75 ("Hearst S.J. Reply") at 10 n.13.)[1]

Now, with the parties' cross-motions for summary judgment fully briefed—and over 110 pages of briefing before this Court—Plaintiff is attempting to augment the record with a purported deposit copy through his Motion for Judicial Notice. But the Court's consideration of this new document at this juncture would negate entire portions of both parties' already-submitted briefing, prejudicing Hearst and subverting the summary judgment process and briefing schedule ordered by this Court. In short, Plaintiff's filing comes too little, too late for summary judgment, and it should be denied. And even if Plaintiff's Motion were not untimely, it should still be denied because the facts stated in the deposit copy cannot "be accurately and ***readily*** determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added).

## ARGUMENT

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### I. PLAINTIFF'S MOTION IS UNTIMELY FOR PURPOSES OF THE PENDING SUMMARY JUDGMENT CROSS-MOTIONS.

As a threshold matter, Plaintiff's Motion is untimely to the extent it asks the Court to take judicial notice of the facts stated in the deposit copy in considering the parties' pending cross-motions for summary judgment. Courts routinely refuse to consider facts that are proffered after

---

[1] While Plaintiff now tells the Court that he "took steps to request" the deposit copy "prior to the briefing of the summary judgment motion," Exhibit A to the May 18, 2018 Declaration of James H. Freeman (ECF No. 78 ("Freeman Decl.")) shows that he did not submit his request to the Copyright Office until February 21, 2018—just five days before his opening summary judgment brief was due (ECF Nos. 30, 36).

2

the close of briefing on a dispositive motion (and outside of the Rule 56(c) and Local Rule 56.1 process). *See generally, e.g.*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-95 (1990) (upholding district court's refusal to admit affidavits filed after summary judgment briefing where the court did not call for the submission of supplemental evidentiary material); *E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.*, 164 F.3d 89, 94, 99 (2d Cir. 1998) (district court acted within its discretion in striking affidavit submitted after oral argument on summary judgment); *Manik v. Avram*, No. 06-cv-477 (DLC), 2006 WL 3458090, at *1 (S.D.N.Y. Nov. 29, 2006) (EEOC right-to-sue letter filed after close of motion to dismiss briefing was untimely and not considered on the motion to dismiss). This includes facts that are the subject of post-briefing requests for judicial notice. *See, e.g.*, *Dansenbrock v. Enemoh*, No. 11-cv-01884, 2017 WL 6375635, at *10 (E.D. Cal. Dec. 12, 2017), *report and recommendation adopted*, 2018 WL 691755 (E.D. Cal. Feb. 1, 2018) (plaintiff's request for judicial notice filed after the expiration of his deadlines to file papers in opposition to summary judgment was untimely); *In re Atossa Genetics, Inc. Sec. Litig.*, No. C13-1836 RSM, 2014 WL 4983551, at *4 (W.D. Wash. Oct. 6, 2014), *aff'd in part, vacated and reversed in part on other grounds*, 868 F.3d 784 (9th Cir. 2017) (request for judicial notice submitted after completion of briefing on motions to dismiss was untimely); *Judan v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-05029-HSG, 2017 WL 3115172, at *3 (N.D. Cal. July 21, 2017) (similar).[2]

Here, there is no doubt that Plaintiff's request in the Motion is both untimely and prejudicial. On February 6, the Court set a briefing schedule on the parties' cross-motions for summary judgment, which contemplated 60 pages of briefing per side. (*See* ECF No. 30.) Plaintiff's final papers on those motions were due (and were filed) more than one month ago, on

---

[2] As these cases indicate, while Federal Rule of Evidence 201 provides that a Court "***may*** take judicial notice at any stage of the proceeding" (emphasis added), that does not mean it is ***required*** to take judicial notice of a fact on a particular motion that has already been briefed without that fact in the record.

3

April 23, 2018. (*See* ECF Nos. 30; Pl. S.J. Reply.) Both parties briefed those motions based on the premise that the deposit copy was not in the record. Plaintiff took the position that he did not need to submit a deposit copy and that his registration certificate alone established that he had a valid registration for the specific photograph at issue in this suit, and Hearst responded that there is a material issue of fact as to whether plaintiff's registration certificate covers the particular photograph at issue. (Pl. S.J. Br. at 6-8; Hearst S.J. Br. at 37-38; Pl. S.J. Reply at 3-11.) It is self-evident that both parties would have argued this matter differently had the deposit copy been in the record. As a result, if the Court were to consider the facts stated in the deposit copy in deciding the summary judgment motions, entire sections of the parties' briefs would become irrelevant and the purpose of the Court's ordered briefing schedule would be frustrated.

Moreover, there is no justification for Plaintiff's belated submission of the deposit copy. He had several months to develop the record in this case in discovery (even though he largely failed to take advantage of them (*see* Hearst S.J. Br. at 6-7; ECF No. 57 (March 26, 2018 Declaration of Jennifer D. Bishop) at 2-3)), and apparently decided not to request a deposit copy until just a few days before filing his summary judgment motion based on his position that he did not need that evidence to prove his case (*see* Pl. S.J. Br. at 6-7). His "failure to buttress [his] position because of confidence in the strength of that position" was "at [his] own risk," and does not excuse his failure to submit the deposit copy with his summary judgment papers. *Lujan*, 497 U.S. at 898; *Joint Apprenticeship Comm.*, 164 F.3d at 99 (district court acted within its discretion in striking belated submission caused by litigant's own "somewhat myopic litigation strategy"). The Court should recognize that it is simply too little, too late to consider the deposit copy on the parties' summary judgment cross-motions.

## II. THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE FACTS STATED IN THE DEPOSIT COPY.

In any event, the Court should not take judicial notice of the facts stated in the deposit copy because they cannot "be accurately and *readily* determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2) (emphasis added). While Hearst does not dispute that courts can take judicial notice of the fact that a plaintiff possesses federal copyright registration (*see* Pl. Br. 3-4 (citing cases), it does not follow that they may judicially notice the facts reflected in Copyright Office deposit copies, including the fact that a specific photograph is covered by a registration. Anyone, including the Court, can easily determine the former fact by going to copyright.gov and searching the records of the Copyright Office.[3] *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (explaining that "[c]ourts routinely take judicial notice of [] governmental records that have been "retrieved from official government websites"). But those readily retrievable records do not include copies of the registered works. To obtain such a copy—and therefore verify that a particular work is covered by a registration—one must file a request form, pay a fee, and wait more than two months. (*See* Freeman Decl. ¶¶ 2-4.) In other words, the Court cannot "readily determin[e]" the facts set forth in the deposit copy or their provenance for itself—something Plaintiff has implicitly acknowledged by submitting a declaration to authenticate the deposit copy. (*See* Freeman Decl. ¶¶ 2-4 & Ex. A-C.) *Compare Jian Hua Xia v. Gonzales*, 247 F. App'x 241, 243 n.1 (2d Cir. 2007) (taking judicial notice of contents of government report "since it is *a readily accessible report*" (emphasis added)).

---

[3] The cases Plaintiff cites take judicial notice of facts that are apparent from the Copyright Office's public online records, such as the identify of the owner of the copyright. *See, e.g.*, *Island Software & Comp. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201.

Dated: May 26, 2018

Respectfully submitted,

/s/ Jennifer D. Bishop
Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 26, 2018.

                                                                        /s/ Jennifer D. Bishop
                                                                        Jennifer D. Bishop