

**Liebowitz Law Firm, PLLC**
Attorneys for the Photographic Arts

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

November 15, 2018

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Rm. 2260
New York, NY 10007

Re:   *Otto v. Hearst Communications, Inc.,* 1:17-cv-04712 (GHW-JLC)

Dear Judge Woods:

We represent Plaintiff Jonathan Otto in the above-captioned case and write to respectfully notify the Court of supplemental authority decided after the full briefing of plaintiff's motion for summary judgment.  In *Ferdman v. CBS Interactive Inc.,* No. 17 CIV. 1317 (PGG), 2018 WL 4572241, at *12 (S.D.N.Y. Sept. 24, 2018), Judge Gardephe addressed the defense of fair use in the context of commercial news reporting.  The *Ferdman* decision is material to several key issues before this Court.

First, relying on many of the same cases cited by plaintiff in his principal brief [Dkt. #37, p. 18 of 32], the *Ferdman* court held that "the use of an image solely to present the content of that image" is not transformative for purposes of the first factor. *Ferdman* at *12.  The court also noted that "wholesale copying sprinkled with written commentary – was at best minimally transformative." *Id.* (quoting *Monge v. Maya Magazines, Inc.,* 688 F.3d 1164, 1176 (9th Cir. 2012).  Likewise, in the instant action, Defendant's use of plaintiff's photograph in a news article was not transformative because it simply used the image to illustrate a news story about the content depicted in the image.  Even though Defendant provided some commentary about President Trump's penchant for crashing weddings, the use was minimally transformative at best.  Accordingly, the Court should find *Ferdman* persuasive and conclude that the first factor weighs against a finding of fair use.

Second, with respect to the fourth fair use factor (harm to the actual and potential market), the *Ferdman* court determined that a presumption of market harm applied under the Supreme Court's decision in *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984). *See Ferdman* at *18-19.  Plaintiff made this exact same argument in his principal brief.  [Dkt. #37, p. 28 of 32].  Indeed, the *Ferdman* court held that *Sony's* presumption of market harm applies to secondary uses which are either non-transformative or even minimally transformative. *Ferdman* at *18-19 (observing that defendant's use is "paradigmatic of the only market the photographs could reasonably have: licensing to media outlets") (citation omitted). As



Liebowitz Law Firm, PLLC

such, the Court should find *Ferdman* persuasive and conclude that the fourth factor also weighs against a finding of fair use here.

For the Court's convenience, a copy of the *Ferdman* decision is attached hereto.

Respectfully Submitted,

**/jameshfreeman/**

James H. Freeman

*Counsel for Plaintiff Jonathan Otto*