UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN OTTO,

                Plaintiff,

- against -

HEARST COMMUNICATIONS, INC.

                Defendant.

Docket No. 1:17-cv-04712 (GHW)

**<u>DECLARATION OF
JAMES H. FREEMAN</u>**

JAMES H. FREEMAN declares under the penalty of perjury as follows:

    1.    I am currently Senior Counsel at Liebowitz Law Firm, PLLC (the "Firm") and served as lead counsel for Plaintiff Jonathan Otto ("Plaintiff" or "Otto") in this action.

    2.    I submit this declaration in support of Plaintiff's application for attorneys' fees and costs under 17 U.S.C. § 505 of the Copyright Act,

    3.    Plaintiff seeks to recover $60,181.25 in attorneys' fees reasonably incurred in the course of litigating this matter, from its inception on June 21, 2017 through the present application as of August 9, 2019. The fees incurred cover the span of this litigation, including pre-filing investigation, conferences, dispositive motions, Plaintiff's deposition, pre-trial preparation, motions *in limine*, joint pre-trial order and memoranda, and trial. I personally researched and drafted the summary judgment papers which led to plaintiff's victory.

    4.    The hours expended by me do <u>not</u> include any administrative or paralegal tasks (even though I performed all his such tasks myself). From November 22, 2017 onward, I handled all aspects of the case including legal research, drafting of letters and motions,

attendance at deposition, communications with opposing counsel and every court appearance. I also served as lead counsel at trial, delivering the opening and closing statement and examining four witnesses on the stand.

5. Attached as <u>Exhibit A</u> are true and correct copies of my contemporaneous time records, which have been reconstructed based on my own contemporaneous handwritten time entries, as well as cross-references to the court's docket, internal files, and calendars.

6. Because the attorneys at the Firm work largely on a contingency-fee arrangement, the Firm does not maintain a computerized time entry system. However, consistent with my custom and practice since 2000, I track my contemporaneous time entries by hand.

7. As explained in the accompanying memorandum of law, my hourly rate of $375/hr. is lower than the billing rates charged by other senior associates (or even junior associates) in this District. Moreover, this hourly rate is commensurate with what other courts in this District have approved in the last two years. *See, e.g. Wolman v. Hudson Valley News Network, LLC*, 18-cv-11589 (JSR) (S.D.N.Y. April 15, 2019) [Dkt. #17] (awarding attorneys' fees on default based on my hourly rate of $375/hr.) [Dkt. #17, dated 4/15/19]; *Hirsch v. The Dishh, LLC*, 18-cv-09079 (LGS) (S.D.N.Y. December 10, 2018) [Dkt. # 19] (awarding attorneys' fees on default based on my hourly rate of $350/hr.); *Anderson v. Primera Plana NY, Inc.,* 17-cv-7715 (JMF-KNF) (S.D.N.Y. May 1, 2019) [Dkt. # 31] (awarding attorneys' fees on default based on my hourly rate of $300/hr. as of 2017); *Mordant v. Citinsider LLC*, No. 18-CV-9054 (RA), 2019 WL 3288391, at *2 (S.D.N.Y. July 22, 2019) (awarding attorneys' fees on default based on my hourly rate of $300/hr. derived from *Anderson* and noting that Freeman's work on default involved ministerial aspects).

8. I have 18 years experience in litigating copyright infringement cases. I am a graduate of Benjamin N. Cardozo Law School (J.D. 2000), was a litigation associate at Proskauer Rose LLP (2000-2005); a staff attorney at Kramer Levin LLP (2005-2008); and a senior associate at Garvey Schubert Barer (2008-2010). In 2011, I launched a solo practice (J.H. Freeman Law) which focused on entertainment, copyright and trademark law. I am admitted to the U.S. Supreme Court, Second Circuit and Sixth Circuit, S.D.N.Y., and E.D.N.Y.

9. I joined the Liebowitz Law Firm in July 2017 and since that time I have litigated over 150 infringement actions. In addition to securing a judgment of liability against Hearst in this action, I also recently obtained judgment against other largescale media corporations who infringed the rights of photographers. *See, e.g., Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (summary judgment); *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (summary judgment).

10. The number of hours spent on this case is reasonable and less than most litigations of similar scope. There was no duplicative or repetitive efforts as, with limited exception, I was the only attorney working on the case from November 2017 through trial. In a day and age where Big Law Firms routinely bill more than a $125,000 just to file a Rule 12(b)(6) motion, the Liebowitz Law Firm handled a two-year case from beginning to trial for only about $60,000.

11. The following chart details the expenses incurred to achieve success in this lawsuit.

| Date | Description | Cost |
| --- | --- | --- |
| 6/21/17 | U.S. District Court Filing Fee | $400.00 |
| 6/23/17 | Service of Process: Summons and Complaint | $40.00 |
|  | **TOTAL** | $440.00 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Valley Stream, New York
August 9, 2019

**/s/jameshfreeman/**

JAMES H. FREEMAN