IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>        Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>        Defendant. | C.A. No. 1:17-cv-04712-GHW |

**DECLARATION OF RAVI V. SITWALA
IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR
ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C § 505**

I, **RAVI V. SITWALA**, declare as follows:

      1.     My name is Ravi V. Sitwala, and I am over the age of 18 and fully competent to make this Declaration. I am an attorney admitted to practice before this Court. I am employed as Associate General Counsel to the Hearst Corporation, in the Office of the General Counsel, and an attorney for Defendant Hearst Communications, Inc. ("Hearst"). I make this Declaration in opposition to Plaintiff Jonathan Otto ("Plaintiff")'s application for attorneys' fees and costs pursuant to 17 U.S.C. § 505. I have personal knowledge of the matters stated in this Declaration, and each statement is true and correct.

      2.     Annexed hereto as **Exhibit A** is a true and correct copy of the transcript of the Court's July 19, 2019 findings of fact and conclusions of law concerning the July 15, 2019 bench trial on damages, *see* Fed. R. Civ. P. 52(a).

      3.     Annexed hereto as **Exhibit B** is a true and correct copy of S.V. Date, *Trump's Golf Costs: $102 Million And Counting, With Taxpayers Picking Up The Tab*, Huffington Post, May 22, 2019, which persons at my direction accessed at https://www.huffpost.com/entry/trump-

golf-102-million-taxpayers_n_5ce46727e4b09b23e65a01bb on August 20, 2019.

4.      Annexed hereto as **Exhibit C** is a true and correct copy of Brian Niemietz, *President Trump finds time to crash a wedding between massacres in Texas and Ohio*, N.Y. Daily News, Aug. 4, 2019, which persons at my direction accessed at https://www.nydailynews.com/news/politics/ny-president-trump-wedding-texas-ohio-20190804-si5utiexjjcvngvzy7zlbhkddu-story.html on August 20, 2019.

5.      Annexed hereto as **Exhibit D** is a true and correct copy of WNYC and ProPublica, *Trump Inc.: Exploring the Business of Trump*, which persons at my direction accessed at //www.propublica.org/series/trump-inc on August 20, 2019.

6.      The first Defendant learned of Plaintiff's claim that Defendant infringed his copyright in the photograph at issue in this case was on or after the date Plaintiff filed a federal lawsuit on June 21, 2017.  Hearst did not receive a cease and desist letter, or any other communication, from Plaintiff before that date.

7.      On October 18, 2017, Plaintiff served interrogatory responses in which he stated that he "calculates the loss of licensing fee in the range of $5,000 based on the market rate of photographs of similar style, quality and content."  A true and correct copy of those interrogatory responses is annexed hereto as **Exhibit E**.

8.      Both Plaintiff and his counsel attended a settlement conference before this Court on October 23, 2017.  I also attended the conference with my now-former colleague Jennifer D. Bishop and Michael Sebastian, who was then the Digital Director of Esquire.com.

9.      Near the outset of the conference, Mr. Liebowitz represented to me, my colleagues, and the Court that Plaintiff was on the verge of executing a license for the photograph at issue in this case in exchange for a license fee of $9,500. Mr. Liebowitz further

suggested that a reasonable estimate of damages in this case, under Second Circuit case law, would be three to five times $9,500.

10. Mr. Liebowitz displayed, and eventually allowed me and Ms. Bishop to examine, an unsigned document that he represented was the $9,500 license after he made some redactions to the document. After reviewing that document, Ms. Bishop and I stated our belief that the document had been negotiated in settlement of Plaintiff's claims against another media company. We repeatedly asked Mr. Liebowitz and the Court whether this was the case. Mr. Liebowitz stated that it was not.

11. At the conference, Hearst was not prepared to make a settlement offer based off a damages calculation of three to five times $9,500.

12. The settlement conference concluded quickly without resolution of Plaintiff's claims.

13. On December 7, 2017, Plaintiff's counsel produced a document bearing Bates numbers OTTO_0067-0070. That document appears to be an executed copy of the document that Mr. Liebowitz displayed at the settlement conference. It is titled "Photography License," bears the electronic file name "Otto_Warner Licensing Agreement.pdf," and appears to have been executed by Warner Brothers on October 27, 2017. It does not contain redacted pages nor any other indication that it is anything other than a complete document.

14. Annexed hereto as **Exhibit F** is a true and correct copy of a portion of the transcript of Plaintiff's December 11, 2017 deposition.

15. On December 15, 2017, Plaintiff's counsel produced a document bearing Bates numbers OTTO_0071-0079. That document is entitled "Settlement and Release Agreement" and provides for the settlement of Plaintiff's claims against Warner Brothers in Case No. 17-cv-4763

(S.D.N.Y.).  It appears to have been executed by Warner Brothers on October 27, 2017.  Upon review of OTTO_0067-0070 and OTTO_0071-0079, it is clear that the former document is the two exhibits to the Settlement and Release Agreement that have been rearranged to appear to be a standalone agreement.

16. On February 6, 2018, counsel for Plaintiff made a written demand of $15,000 to resolve the case.

17. After this Court issued its summary judgment decision, during two calls with Plaintiff's counsel, I stated that Defendant was open to entertaining a revised demand from Plaintiff.  No new demand was made until after the pre-trial conference.

18. On July 2, 2019, my colleague Nathaniel Boyer and I had a telephone conference with Plaintiff's counsel, James Freeman.  During the call, Mr. Freeman informed us of Plaintiff's demand to resolve this matter.  According to Mr. Freeman, Plaintiff's was demanding $125,000 to settle this case—although, if Hearst agreed to settle the case by 5 p.m. EDT on Monday, July 8, 2019, then Plaintiff would agree to settle the case for $75,000.  Hearst did not counter this demand, which Hearst believed to be exceedingly unreasonable.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in South San Francisco, California on this 20th day of August, 2019.

                                                                      /s/ Ravi V. Sitwala
                                                                      **RAVI V. SITWALA**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 20, 2019.

/s/ Nathaniel S. Boyer
Nathaniel S. Boyer