# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>                      Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>                      Defendant. | ECF No. 1:17-cv-3650 (RA)<br><br>**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), the Plaintiff Jonathan Otto ("Otto") hereby answers, under the threat of perjury and objects to Defendant Hearst Communications, Inc. ("HEARST") First Set of Interrogatories dated September 7, 2017, as follows:

**GENERAL OBJECTIONS**

      Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitle to any response more specific than provided:

1. Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional

to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendant's, or third-party's possession, custody or control, or is publically available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, the Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## **SPECIFIC ANSWERS AND OBJECTIONS**

**Interrogatory No. 1**

Identify each and every person known or believed by you to have knowledge or information relevant to the allegations made and/or claims raised in the Complaint, including without limitation each and every person who participated in, supplied information for, or was consulted concerning your answers to these Interrogatories, your responses to Hearst's Requests for the Production of Documents, and/or your initial disclosures, stating the substance of the knowledge or information that each such person is believed or known to possess.

ANSWER: OBJECTION.   The Plaintiff repeats and incorporates General Objections.  Plaintiff identifies himself, Jonathan Otto.

**Interrogatory No. 2**

Identify each and every person known or believed by you to be in possession of documents relevant to any of the allegations made and/or claims raised in the Complaint, stating the categories of documents that each such person is believed or known to possess.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. Plaintiff identifies himself as to the creation and publication of the photograph and the Defendant as to the infringement of the same.

**Interrogatory No. 3**

Identify each and every person known or believed by you to be in possession of knowledge or information relating to the following topics:

(a) effort(s) to identify uses and/or infringements of any image in which you claim ownership of a copyright (including the Photograph);

(b) the creation of the Photograph;

(c) your alleged ownership of a valid copyright in the Photograph;

(d) your registration of the Photograph with the U.S. Copyright Office;

(e) your contemplated, intended, or actual licensing of the Photograph for use by any other person or publication, including without limitation licenses granted to Laura Piatkowski, Kristen Piatkowski, DailyMail.com, and/or PhillyVoice.com;

(f) the fee(s) you have charged in exchange for a license or right to use any image in which you claim ownership of a copyright (including but not limited to the Photograph); and

(g) your claimed actual damages in this matter and/or the computation of such damages.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. An interrogatory is not the best vehicle of eliciting this information. Plaintiff refers to Defendant to Responses to Requests for Document Production. Plaintiff identifies himself as to (b),(c),(e), (f), and (g). Plaintiff identifies his counsel as to (a) and (d).

**Interrogatory No. 4**

Identify each and every contract or agreement, of whatever type or form, whether formal or informal, including extensions and amendments to prior agreements, relating to the following topics:

(a) the creation of the Photograph;

(b) the right(s) of any person other than you to use, distribute, or sub-license the Photograph (including but not limited to any licensing agreements or arrangements with Laura and/or Kristen Piatkowski);

(c) your relationship with Hearst; and

(d) your settlement of other claim(s) of alleged infringement of your claimed copyright(s).

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. An interrogatory is not the best vehicle of eliciting this information. Plaintiff refers to Defendant to Responses to Requests for Document Production. No further response is required.

**Interrogatory No. 5**

Identify all documents with information relevant to the computation of actual damages in this action, including but not limited to documents establishing your claimed lost revenue and/or profits as a result of Hearst's alleged use of the Photograph.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. An interrogatory is not the best vehicle of eliciting this information. Plaintiff refers to Defendant to Responses to Requests for Document Production. No further response is required.

**Interrogatory No. 6**

State with particularity the method and/or equation by which you will compute your actual damages in this matter, *excluding* any of Hearst's profits that are attributable to use of the Photograph. Your answer shall state, with particularity, all categories of information that you contend are relevant to the computation of actual damages, and how you will use that information to calculate actual damages.

ANSWER: OBJECTION. The Plaintiff repeats and incorporates General Objections. An interrogatory is not the best vehicle of eliciting this information. Plaintiff refers to Defendant to Responses to Requests for Document Production. Plaintiff further calculates the loss of licensing fee in the range of $5,000 based on the market rate of photographs of similar style, quality and content. Actual damages would then be supplemented by any benefit, advantage or gain that befell Hearst as a result of the infringement.

DATED: October 18, 2017
      Valley Stream, NY

Respectfully Submitted,

/s/Richard Liebowitz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516)233-1660
rl@liebowitzlawfirm.com

*Attorneys for Jonathan Otto*