# Exhibit F

Page 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 1:17-cv-04712-GHW

---------------------------------------------------x

JONATHAN OTTO,

                Plaintiff,

  v.

HEARST COMMUNICATIONS, INC.,

                Defendant.

---------------------------------------------------x

VIDEOTAPED DEPOSITION OF JONATHAN OTTO
New York, New York
Monday, December 11, 2017

Reported by:
Amy A. Rivera, CSR, RPR, CLR

JOB NO. 134834

1                    JONATHAN OTTO
2    have been just, you know, information gathering
3    previous instances when I spoke with him.  But in
4    this case, I believe it was maybe two, three days
5    after the wedding.
6         Q.    Do you recall at all when you spoke to
7    him about other instances that are not this
8    photograph?
9         A.    I do not.
10        Q.    Was it in the last year?
11        A.    I'm not sure.
12        Q.    Was it more than three years ago?
13        A.    I'm not sure.
14        Q.    Have you ever licensed the photograph
15   at issue in this case to anyone?
16        A.    Currently, yes.
17        Q.    What do you mean by "currently"?
18        A.    We've -- we've licensed the photos,
19   yes.
20        Q.    Who have you licensed it to?
21        A.    TMZ.
22        Q.    Is that it?
23        A.    To my knowledge as of today, yes.
24              (Exhibit 7, a license, was marked for
25   identification at this time.)

Page 43

1                    JONATHAN OTTO
2         Q.    What's the status of that lawsuit?
3         A.    I believe that one's settled or a
4    settlement, I think, as well.
5         Q.    Was this license agreement part of the
6    settlement of that lawsuit?
7         A.    No, they're separate.
8         Q.    How are they separate?
9         A.    We had a settlement with them after
10   the license agreement.
11        Q.    Is there a separate written settlement
12   agreement?
13        A.    Yes.
14        Q.    Was there an additional payment
15   besides this license fee in consideration for the
16   settlement agreement?
17        A.    I can't talk about it.
18        Q.    Why can't you talk about it?
19        A.    I'm not sure what the confidentiality.
20        Q.    We have a confidentiality order in
21   this case, and you can mark this part of the
22   deposition as "confidential" and he can answer the
23   question.
24              MR. FREEMAN:  He can't answer any
25        questions about a settlement agreement.

1

2                    CERTIFICATE

3            I, AMY A. RIVERA, a Certified Shorthand

4    Reporter, Registered Professional Reporter,

5    Certified LiveNote Reporter, and Notary Public of

6    the State of New York, do hereby certify that prior

7    to the commencement of the examination JONATHAN

8    OTTO, was duly sworn by me to testify the truth, the

9    whole truth and nothing but the truth.

10           I DO FURTHER CERTIFY that the foregoing is

11   a true and accurate transcript of the testimony as

12   taken stenographically by and before me at the time,

13   place and on the date hereinbefore set forth.

14           I DO FURTHER CERTIFY that I am neither a

15   relative nor employee nor attorney nor counsel of

16   any of the parties to this action, and that I am

17   neither a relative nor employee of such attorney or

18   counsel, and that I am not financially interested in

19   the action.         *Amy A. Rivera*

20   _____

21           Notary Public of the State of New York

22           My commission expires December 6, 2021

23           License No. XI00939

24   Dated:  December 21, 2017

25