UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN OTTO,

                                        Plaintiff,

    - against -

HEARST COMMUNICATIONS, INC.

                                        Defendant.

Docket No. 1:17-cv-04712 (GHW)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505

Pursuant to the Court's Order, dated July 31, 2019 [ECF Docket ("Dkt.") # 129, (the "Order")], Plaintiff Jonathan Otto ("Plaintiff" or "Otto"), via counsel, respectfully submits this reply memorandum of law in further support of Plaintiff's application for attorneys' fees and costs under 17 U.S.C. § 505 of the Copyright Act.

## ARGUMENT

**POINT I:     AN AWARD OF ATTORNEYS' FEES IS NECESSARY TO DETER INFRINGEMENT AND REWARD THE PROSECUTION OF MERITORIOUS INFRINGEMENT ACTIONS**

Defendant asks the Court to reject the "presumptive entitlement" afforded to prevailing plaintiffs in cases involving modest recovery, arguing that it conflicts with the Supreme Court's holdings in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994) and *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). This argument fails.

First, the presumptive entitlement theory squares with both Supreme Court cases because both holdings recognize the "need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534, n. 19; *Kirtsaeng*, 136 S. Ct. at 1982. By awarding fees to a prevailing plaintiff, such as Otto, who successfully prosecuted an infringement action involving a work of modest value, the Court would be advancing considerations of compensation and deterrence, as is consistent with the High Court's instructions. Moreover, while substantial weight should be accorded to the objective reasonableness of the losing party's position, *Kirtsaeng* recognized that fees may be awarded to a prevailing party even where the losing party's position is reasonable. *Kirtsaeng*, 136 S. Ct. at 1983 ("But the court must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the

1

losing party advanced a reasonable claim or defense.").  Defendant conveniently omits this portion of *Kirtsaeng*'s holding from its analysis.

Second, regardless of whether the Court adopts the "presumptive entitlement" theory *per se*, the underlying rationale which supports the theory is particularly applicable here when viewed through the lens of the "compensation and deterrence" factors set forth by *Fogerty* and *Kirtsaeng.*  As Chief Judge McMahon recognized in *Crown Awards v. Discount Trophy & Co., Inc.*, 564 F.Supp.2d 290 (S.D.N.Y. 2008), *aff'd*, 326 Fed.Appx. 575 (2d Cir. Apr. 21, 2009):

> when a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party. *(quoting Assessment Techs. of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 437 (7th Cir. Mar. 17, 2004)

> *Crown Awards* at 294-95.

The point is: no reasonable attorney is going to litigate a copyright infringement suit based on a photograph of modest value unless there were some monetary incentive to do so. Section 505 of the Copyright Act provides that incentive.  *See Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1365 (S.D.N.Y. 1991) (*citing Oboler v. Goldin,* 714 F.2d 211, 213 (2d Cir.1983)) ("Attorney's fees are awarded in order to assure equal access to the courts, to provide an economic incentive to challenge infringements, and to penalize the losing party.")

It is certainly the case that copyright enforcement attorneys, such as members of Liebowitz Law Firm, gain psychic satisfaction by capturing copyright pirates, obtaining judgments against them, and narrowing application of the fair use doctrine (which, if drawn too broadly, could easily cannibalize the protections accorded under the Copyright Act).  They also gain satisfaction by knowing that the work they do is in furtherance of the core rights enshrined by the Framers in the Constitution.  And there is a certain moral imperative to representing

2

human beings against largescale corporations who often trample on the rights of individual

artists.  After all, the Article III branch is the only branch of government where an individual like

Otto can square off against a media conglomerate on a level playing field.

But ultimately, like all professionals, attorneys have to earn a living doing what they

love.  If the Court were to deny attorneys' fees here, then Plaintiff's counsel, who work on

contingency, would receive no monetary compensation for their substantial efforts in obtaining

judgment against Hearst.  This would be an unjust result and would discourage the prosecution

of meritorious claims. *See, e.g., Engel v. Wild Oats, Inc.,* 644 F.Supp. 1089, 1093

(S.D.N.Y.1986) ("Fees and costs in copyright infringement cases, . . . are . . . to be awarded with

an eye toward encouraging the pursuit of colorable copyright claims and deterring further

infringement."); *Hearst Corp. v. Oregon Worsted Co.,* No. CV 99-640-BR, 2001 WL 668040, at

*4 (D. Or. Apr. 18, 2001) ("an award of attorneys' fees to Plaintiffs will compensate them for

their costs of serving as a private attorney general, encourage future private enforcement of

infringement claims, and deter future infringements.").

## POINT II:     HEARST'S FAIR USE DEFENSE IS OBJECTIVELY UNREASONABLE

As set forth in Plaintiff's principal brief, Hearst's fair use defense is objectively

unreasonable because there is nothing remotely transformative about Hearst's secondary use of

the Photograph.  The Esquire.com article in question featured nothing more than a descriptive

narrative which could be summarized as follows: "Hey, check out these photos of President

Trump crashing a wedding.  He does this a lot."  Hearst expressed no opinion whatsoever,

provided no editorial commentary, and offered no criticism of the President's penchant for

crashing weddings.  Indeed, Hearst confirms that its infringing article was nothing more than a

puff piece by evidencing other news articles which actually did criticize the President's wedding

crashing tendencies.  [Dkt Nos. 137-2 to 137-4]  But these third-party articles only underscore Plaintiff's point: Hearst failed to take a political stance or report a controversy and, therefore, failed to transform the photograph.

If the Court were to adopt Hearst's broad definition of "comment", as used in section 107 of the Copyright Act, to mean any narrative description of a current event, then there would be no copyright protection for any newsworthy photograph.  The bottom line is that Peter Wade expressed no opinion, one way or another, about President Trump's tendency to crash weddings. And without an opinion of some kind, there can be no "comment" or "criticism." Hearst's use of Otto's photograph was merely illustrative; and Hearst should have known that such use was not fair.[1]  *See Otto,* 345 F. Supp. 3d at 428–29 ("It would be antithetical to the purposes of copyright protection to allow media companies to steal personal images and benefit from the fair use defense by simply inserting the photo in an article which only recites factual information—much of which can be gleaned from the photograph itself.").

With respect to the fourth fair use factor, Defendant has failed to rebut the arguments set forth in Plaintiff's brief, other than to say that Otto had no commercial intent at the moment he took the Photograph.  But the Court already rejected this argument, finding that copyright holders are entitled to monetize their works after realizing their value in the marketplace.  Hearst has failed to cite any authority to the contrary and thus their assessment of the fourth factor was also unreasonable.

---

[1] *See, e,.g, Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F.Supp.3d 339, 352 (S.D.N.Y. 2017);  *BWP Media USA, Inc. v. Gossip Cop Media, Inc.,* 196 F.Supp.3d 395, 407 (S.D.N.Y. 2016); *Psihoyos v. Nat'l Exam'r*, No. 97-cv-7624 (JSM), 1998 WL 336655, at *3 (S.D.N.Y. June 22, 1998).

As such, the Court should conclude that the fair use defense was objectively unreasonable.  Moreover, none of Defendant's other defenses, such as release and waiver, were reasonable either.  Yet, Otto's counsel had to spend time defeating them.

**POINT III:    PLAINTIFF'S SUCCESS SHOULD BE MEASURED BY THE MERITS OF HIS INFRINGEMENT CLAIM; RATHER THAN BY THE DAMAGES ULTIMATELY AWARDED**

Defendant argues that Otto was not successful because he recovered the minimum in statutory damages.  However, "[t]he existence of damages suffered is not an essential element of a claim for copyright infringement."  *Davis v. Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001). To establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original".  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *see also* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT  § 13.01, at 13–6 *159  (1999) ("Notably absent from this formulation of the prima facie case is damage or any harm to [the] plaintiff resulting from the infringement.").[2]

Here, Otto's success should be measured by the infringement claim itself.  He

---

[2] *See also, e.g.*, *Cardiff Chamber of Commerce, Inc. v. Lebherz*, 2016 WL 9525236, at *2 (S.D. Cal. July 15, 2016) ("[t]he harm is the invasion of the copyright; no financial loss is required."); *In re Aimster Copyright Litig.,* 334 F.3d 643, 649 (7th Cir. 2003) ("[A] copyright owner who can prove infringement need not show that the infringement caused him a financial loss."); *eSilicon Corp v. Silicon Space Tech*, No. C-11-06184 EDL, 2013 WL 12174295, at *10 (N.D. Cal. Feb. 22, 2013) ("Damages . . . are not a required element of a prima facie case of copyright infringement claim"); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.,* No. 09-CV-00970-PAB-KMT, 2013 WL 1129404, at *6 (D. Colo. Mar. 18, 2013) ("Entitlement to monetary damages damages is not an element of a copyright claim seeking either declaratory or injunctive relief"); *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distributors*, No. 96 C 2966, 2002 WL 226864, at *2 (N.D. Ill. Feb. 13, 2002) ("The existence of damages suffered is not an essential element of a claim for copyright infringement").

*successfully* proved that he was the valid copyright owner (in spite of Defendant's unreasonable challenges to the validity of his copyright). He *successfully* showed that Defendant copied his work without authorization. And he *successfully* defeated every single one of Defendant's affirmative defenses to liability, which included fair use (second defense); failure to state a claim (first defense); non-infringement (third defense); no registration (fifth defense); estoppel, consent, res judicata an waiver (sixth defense); release (eighth defense) [Answer, Dkt. #9].

**POINT IV:    THE AMOUNT OF FEES SOUGHT IS REASONABLE**

On August 20, 2019, during the briefing of this application, Judge Marrero entered an Order awarding photographer Gregory Mango, who was represented by Liebowitz Law Firm, PLLC, $44,560.88 in fees and $400 in costs. [Attached hereto as Exhibit A is a true and correct copy of the *Mango v. Buzzfeed* fees ruling, dated August 20, 2019 ("*Mango*")]. *Mango* is germane to several issues respecting the instant application.

First, the court in *Mango* ruled that $350/hr. was a reasonable hourly rate for Freeman, who served as lead counsel in that action. [*See* Ex. A, *Mango*, pp. 15-16] A fortiori, the $375/hr. requested in this matter, while slightly higher, is in relative accord with *Mango*.[3] Defendant asks the Court to substantially reduce Freeman's hourly rate to a mere $300/hr. based on a 2017 default judgment application. *See Anderson v. Primera Plana NY, Inc.*, 2019 WL 1936741 at *6 (S.D.N.Y. Mar. 29, 2019) (approving a rate of $300/hr. based on a default application submitted in November 2017); *Mordant v. Citinsider LLC*, 2019 WL 3288391 at *2 (S.D.N.Y. July 22, 2019) (approving $300/hr. rate based on Anderson and because the default

_____

[3] The reason why Otto requested an increase to $375/hr. for Freeman in this case is because substantial work was performed in 2019, whereas the trial work in *Mango* was primarily performed in 2018.

judgment application was partly ministerial in nature and based on templates). But $300/hr. does not properly reflect the level of experience of Freeman, who has 18 years at bar in this District, nor does it account for Freeman's past success in prosecuting infringement actions to favorable judgment.[4] As such, the Court should find that $375/hr. is a reasonable hourly rate for Freeman.

Second, the Court in *Mango* applied a 30% overall discount to the hours billed by Freeman, which consisted of a 20% discount attributable to the fact that Freeman reconstructed his time entries,[5] a 5% discount attributable to paralegal work charged by Freeman, and a 5% discount attributable to the monetary success of the action. [Ex. A, *Mango*, pp. 17-19] Here, Freeman did not bill for any paralegal work. Thus, at most, and in light of Point III, *supra*, the Court should not deduct more than 20% from Freeman's charged hours.

## CONCLUSION

For the reasons set forth herein, and for those advanced in Plaintiff's principal brief, Plaintiff respectfully requests that the Court award $60,181.25 in attorneys' fees and $440.00 in costs, or a total award of $60,621.25.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/jameshfreeman/**
James H. Freeman, Esq.

---

[4] *See, e,.g.*, *Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (summary judgment); *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (summary judgment).

[5] Otto emphasizes that lawyers working on contingency are not expected to track their hours with the same manner as billable hour attorneys. *See Monaghan v. SZS 33 Assocs., L.P.,* 154 F.R.D. 78, 84 (S.D.N.Y. 1994) ("it was not unreasonable for [the plaintiff]'s attorneys to neglect to keep such records based on their contingency fee arrangement.").

Richard Liebowitz
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Jonathan Otto*