USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JONATHAN OTTO,

                Plaintiff,

-against-

HEARST COMMUNICATIONS, INC.,

                Defendant.
-----------------------------------------------------------------X

1:17-cv-04712-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

Before the Court is Plaintiff Jonathan Otto's motion for attorney's fees pursuant to 17 U.S.C. § 505. For the reasons that follow, Otto's motion is DENIED.

## I. BACKGROUND

The Court assumes familiarity with the facts alleged in the complaint and the background of this case as set forth in the Court's December 10, 2018 summary judgment opinion and July 19, 2019 bench opinion. *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018); Dkt. No. 130 (Transcript of 7/19/2019 Decision). A brief summary of the relevant factual and procedural history is below.

Plaintiff Jonathan Otto filed this case on June 21, 2017, claiming that Defendant Hearst Communications, Inc. infringed his copyright in an image of President Trump by publishing the photograph on its website, Esquire.com. Dkt. No. 1. Hearst filed an answer to Plaintiff's complaint on July 14, 2017, asserting, among other defenses, the affirmative defense of fair use. Dkt. No. 9. After the close of discovery, Otto and Hearst cross-moved for summary judgment on the issue of Hearst's liability. Dkt. Nos. 36, 51. Those cross-motions primarily focused on whether the fair use doctrine precluded Hearst's liability for publication of the photograph. On December 10, 2018, the Court granted Otto's motion for summary judgment and denied Hearst's motion. *Otto*, 345 F. Supp.

3d at 412. The Court found that Hearst's publication of Otto's photograph was not shielded by the fair use doctrine, largely because it concluded that Hearst's use of the photograph was not transformative. *Id.* at 427-30.

While the parties were briefing their motions for summary judgment, Hearst also filed a motion for sanctions, claiming that Otto and his counsel, the Liebowitz Law Firm, made misleading representations during a settlement conference held in front of Magistrate Judge Cott on October 23, 2017, and that both Otto and the Liebowitz Law Firm continued to reiterate those misrepresentations throughout subsequent discovery. Dkt. Nos. 59, 60. Specifically, Hearst alleged that Otto and his counsel asserted that a license agreement negotiated as part of a settlement of a similar lawsuit against Warner Bros. was in fact a stand-alone license for which Warner Bros. had paid Otto $9,500.00. Dkt. No. 94 at 5-7. According to Hearst, during settlement negotiations, Mr. Liebowitz used the so-called "license fee" of $9,500.00 to suggest that a reasonable estimate of damages in this case would be three-to-five times that figure. Furthermore, Hearst claimed that after the settlement conference, Otto and Liebowitz continued to mislead Hearst regarding whether the $9,500.00 was a pure "license fee" or, instead, the total amount paid by Warner Bros. to settle the suit filed against it. *Id.* at 7-9.

After Hearst filed its motion for sanctions, Otto filed a cross-motion for sanctions against Hearst, claiming that Hearst's disclosure of "off the record" settlement communications violated Judge Cott's standing order for cases referred to him for settlement purposes. Dkt. No. 66. The Court referred both Hearst's and Otto's sanctions motions to Judge Cott for resolution. On February 21, 2019, Judge Cott denied both motions, concluding that because the specific representations made by Mr. Liebowitz during the settlement negotiations were not memorialized, Hearst could not show by clear and convincing evidence that Liebowitz knowingly made materially false statements. Dkt. No. 94 at 17-18. However, Judge Cott emphasized that he did not condone

2

the "alleged practice of attempting to use a so-called stand-alone license as a bargaining chip in other cases" and warned the Liebowitz Law Firm to be "mindful of overplaying their hands (or worse) during settlement negotiations." *Id.* at 21, 29 ("If the record is clear that a license was obtained as part of a settlement, and would not have otherwise been obtained but for the settlement, it is plainly misleading to suggest that the license has any significance independent of the settlement or that it should be used to form the basis of damages calculations.").

On July 15, 2019, the Court held a bench trial on the related issues of whether Hearst's infringement of Otto's copyright was willful under 17 U.S.C § 504(c)(2) and the appropriate award of statutory damages for Hearst's infringement. The Court delivered its findings of fact and conclusions of law by oral decision during a teleconference held on July 19, 2019. Dkt. No. 130. The Court concluded that Hearst's infringement was not willful and that a reasonable license fee for the photograph at issue would have been $100.00. *Id.* at 21, 24-25. The Court rejected Otto's argument that a reasonable license fee for the photograph was $4,000.00, finding that claim to be "wholly implausible," "quite flawed," and "not supported on this record." *Id.* at 21-22. Based on its conclusion that the appropriate award of statutory damages was five times the reasonable license fee of $100.00, the Court awarded Otto the minimum statutory damages of $750.00. *Id.* at 34-35.

Otto filed this motion for attorney's fees under 17 U.S.C. § 505 on August 9, 2019. Dkt. No. 132. Hearst has opposed the motion in its entirety, arguing that Otto is not entitled to recover any of his attorney's fees, or—in the alternative—that the fees requested by Otto should be reduced. Dkt. No. 136.

## II. LEGAL STANDARD

Section 505 of the Copyright Act provides that a district court "in its discretion may . . . award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. "[A] district court may not award attorney's fees as a matter of course; rather, a court must make a

3

more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (internal alteration and quotation omitted). In determining whether to award attorney's fees, a court may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act . . . ." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

Fee awards in copyright cases should "encourage the types of lawsuits that promote" the purpose of the copyright law, which is to "enrich . . . the general public through access to creative works." *Kirtsaeng*, 136 S. Ct. at 1986 (internal quotation omitted). A court considering a fee request, therefore, must strike a "balance between . . . encouraging and rewarding authors' creations while also enabling others to build on that work." *Id.* Accordingly, in determining whether an award of fees is appropriate, a court should give "substantial weight to the objective reasonableness of the losing party's position." *Id.* at 1983. However, "objective reasonableness can be only an important factor in assessing the applications—not the controlling one." *Id.* at 1988. The court "must also give due consideration to all other circumstances relevant to granting fees." *Id.* at 1983.

### III. DISCUSSION

Otto presents two primary arguments in support of his motion for attorney's fees. First, he claims that Hearst's defenses to liability were objectively unreasonable. Second, he asserts that an award of attorney's fees is necessary to satisfy the Copyright Act's purposes of compensation and deterrence in cases where the value of the copyright is relatively modest—and indeed, that courts in this district have acknowledged a "presumptive entitlement" to fees in such cases. Neither argument convinces the Court that an award of attorney's fees is appropriate here.

4

A lawsuit or litigation position is objectively reasonable if it has "a reasonable basis in law and fact." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014). A "lack of success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable." *Overseas Direct Imp. Co. v. Family Dollar Stores Inc.*, No. 10-cv-4919 (JGK), 2013 WL 5988937, at *2 (S.D.N.Y. Nov. 12, 2013); *see also Kirtsaeng*, 136 S. Ct. at 1988 ("No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable. . . . Courts every day see reasonable defenses that ultimately fail . . . ."). A position is objectively unreasonable if it is "clearly without merit or otherwise patently devoid of legal or factual basis." *Jovani Fashion, Ltd. v. Cinderlla Divine, Inc.*, 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011) (internal quotation omitted).

Hearst's positions in this case were not objectively unreasonable. The Court acknowledged in its summary judgment opinion that the applicability of the fair use defense is a complex, fact-driven inquiry, *Otto*, 345 F. Supp. 3d at 433, and the factual context of this case was relatively novel. *See Agence France Presse v. Morel*, No. 10-cv-2730 (AJN), 2015 WL 13021413, at *4 (S.D.N.Y. Mar. 23, 2015), *aff'd sub nom. Presse v. Morel*, 645 F. App'x 86 (2d Cir. 2016) ("The advent of social media, and the internet generally, poses a myriad of issues for both copyright holders and those seeking to license or exploit their work. The federal courts have recognized that the whole area of social media presents thorny and novel issues with which courts are only now coming to grips." (internal quotation omitted)). Against this backdrop, Hearst presented colorable arguments in support of its fair use defense. As Judge Furman recently found in a case involving similar issues, "although this case was not ultimately a close one, [the defendant's] defenses were not so frivolous or objectively unreasonable that no party 'could see an opening . . . through which the arguments could be squeezed.'" *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, No. 16-cv-7634 (JMF), 2018 WL 357298, at *2 (S.D.N.Y. Jan. 10, 2018).

Otto's second argument fares no better. As a preliminary matter, the Court agrees with Hearst that a "presumptive entitlement" to attorney's fees in cases where a plaintiff successfully asserts infringement of a low-value copyright is at odds with the Supreme Court's decisions in *Fogerty* and *Kirtsaeng*. Certainly the Court recognizes that there is some force to the argument that "when a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party." *Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 295 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009) (quoting *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. Mar. 17, 2004) (Posner, J.)). But *Fogerty* and *Kirtsaeng* are clear that district courts must make "particularized, case-by-case assessment[s]" of attorney's fees—a mandate that is at odds with a "presumptive entitlement" to fees in certain types of cases. *Kirtsaeng*, 136 S. Ct. at 1985; *see also Jovani Fashion, Ltd.*, 820 F. Supp. 2d at 575 ("[T]he [presumptive entitlement rule] appears to conflict with the Supreme Court's holding in *Fogerty* that fee-shifting is a matter for the district court's discretion, that prevailing defendants and plaintiffs are to be evaluated 'alike' and 'in an evenhanded manner,' and that the Copyright Act did not adopt 'the British Rule for automatic recovery of attorney's fees by the prevailing party.'"). To the extent that the relatively low value of Otto's copyright affects the Court's evaluation of the need for "compensation and deterrence," that fact is simply one of many factors that the Court must consider in determining whether to award fees. *See Kirtsaeng*, 136 S. Ct. at 1983.

Here, the Court's evaluation of the parties' motivations and their respective needs for compensation and deterrence—considered along with its finding that Hearst's litigation positions were not objectively unreasonable—leads to the conclusion that an award of attorney's fees is not appropriate in this case. Over the course of this litigation, Otto and his counsel consistently and

undeniably asserted inflated values for Otto's copyright. Those figures were wholly unsupported by the evidentiary record. In his complaint, Otto claimed that he is "a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee." Dkt. No. 1, at ¶ 5. That statement—which could be read to suggest that Otto would be entitled to a higher license fee in this case—is simply untrue. *See* Dkt. No. 130 at 3 ("Otto is not, and has never been, a professional photographer and has never been in the business of licensing photographs."). In October 2017, Plaintiff served interrogatory responses in which he claimed that he "calculate[d] the loss of licensing fee [for the photograph at issue] in the range of $5,000 based on the market rate of photographs of similar style, quality and content." Declaration of Ravi V. Sitwala ("Sitwala Decl."), Dkt. No. 137, Ex. E. And, according to Hearst, approximately one week later, Otto's counsel asserted during settlement discussions that a reasonable license fee for the photograph was $9,500.00.[1] *Id.* at ¶¶ 9, 10.

Otto's position regarding the value of his photograph appears to have remained unchanged throughout the course of discovery and motion practice, because on the eve of trial, Otto tendered a demand of $125,000.00 (with an exploding sub-offer of $75,000.00) to Hearst to settle this case.[2] *Id.* at ¶ 18. At trial, Otto argued that a reasonable licensing fee for his photograph was $4,000.00, based

---

[1] Although Magistrate Judge Cott found that Hearst had not satisfied its burden of proving by clear and convincing evidence that Liebowitz knowingly made materially false statements, Mr. Liebowitz has at no point denied that he asserted that the value of a reasonable license fee in this case would be $9,500.00. *See* Dkt. No. 94 at 6 ("Liebowitz responds that there is no record of the statements made at the settlement conference and that in light of the amount of time that has elapsed and the numerous conferences that he has attended since the settlement conference, he 'will not venture a guess as to what communications were made, or weren't made.'"). Otto's reply memorandum in support of this motion again does not dispute Hearst's characterizations of the history of this litigation. *See* Dkt. No. 138.

[2] As Hearst accurately notes, Otto's settlement demand of $125,000.00 is particularly puzzling, given that Otto's total claims in this case (including the requested attorney's fees through trial) amounted to only a little over $90,000.00. *See* Joint Pre-Trial Order, Dkt. No. 120 ("Plaintiff seeks an award of $30,000 as a civil penalty for Hearst's willful infringement or, in the alternative, five times the maximum amount that Hearst has paid a photographer to cover an event."); Motion for Attorney's Fees, Dkt. No. 132 (seeking $60,181.25 in fees and $440.00 in costs).

7

on evidence that Hearst had paid previously paid that amount for certain commissioned photographs. As noted above, the Court rejected that argument as "wholly implausible" and "quite flawed," and instead found that a reasonable license fee for Otto's photograph was $100.00. Dkt. No. 130 at 21-22 ("There is no basis for me to speculate that Hearst would have commissioned this photograph, much less that it would have paid the highest possible amount for such a photograph."). In light of this history of unsubstantiated and outsized demands, the Court agrees with Hearst that Otto's positions left Hearst with no choice but to continue the litigation. *See* Dkt. No. 136, at 18. Otto and his counsel's behavior cuts against an award of attorney's fees here. The protection of copyright is an important value, but there is little benefit to the copyright law in rewarding Otto for prolonging litigation in pursuit of an unjustifiably inflated claim.

Otto argues that an attorney's fees award is necessary to deter Hearst and similarly situated publishers from stealing other photographers' works. But this argument was already considered and rejected by the Court at trial. *See* Dkt. No. 130 at 33 ("[I]n light of my previous findings regarding the lack of evidence that the Hearst organization as a whole generally disregards the rights of copyright owners, I conclude that a large statutory damages award is not necessary to deter Hearst against future infringement."). Otto has not provided the Court with any basis to conclude that Hearst in particular is in need of deterrence. *See Kirtsaeng*, 136 S. Ct. at 1989 (district court may award fees "to deter repeated instances of copyright infringement . . . even if the losing position was reasonable in a particular case"). Hearst's defense of this litigation was not costless, and there is no evidence before the Court that supports the conclusion that heaping additional costs on Hearst is necessary to encourage its future compliance with the copyright laws. To penalize Hearst for raising reasonable, even if unsuccessful, defenses against a claim that it correctly believed was substantially overvalued does not encourage "defendants who seek to advance a variety of meritorious copyright

8

defenses . . . to litigate" those defenses. *Fogerty*, 510 U.S. at 527. Accordingly, Otto's motion for attorney's fees is denied.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 132.

SO ORDERED.

Dated: January 23, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge