UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>        Plaintiff,<br><br> - against -<br><br><br>HEARST COMMUNICATIONS, INC.<br><br>        Defendant. | Docket No. 17-cv-4712 (GHW)<br><br>ECF CASE |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Jonathan Otto ("Plaintiff" or "Otto"), via counsel, hereby submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated January 23, 2020, which denied Plaintiff's motion for attorneys' fees pursuant to 17 U.S.C. § 505. [ECF Docket ("Dkt.") # 140, Order]

## LEGAL STANDARD

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the

1

movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

**POINT I: THE COURT DID NOT ACCORD ENOUGH WEIGHT TO THE PUBLIC INTEREST IN PROSECUTING MASS MEDIA INFRINGERS TO FINAL JUDGMENT**

Although the Court recognized the argument that copyrights of modest value should be

prosecuted to final judgment, it did not accord enough weight to the public interest that was served by Plaintiff's prosecution of Hearst, a mass media infringer. A finding of liability under the Copyright Act serves to vindicate the public interest and deter future infringement regardless of the amount of monetary damages awarded. *See, e.g., Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 295 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009) ("The Copyright Act's principal purpose is to encourage the origination of creative works by attaching enforceable rights to them" and noting that meritorious claims "help demarcate the boundaries of copyright law . . . as clearly as possible in order to maximize the public exposure to valuable works.") (internal quotations and citations omitted); *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work).

But for Plaintiff and Plaintiff's counsel's substantial efforts over the course of two years, Hearst never would have been found liable for poaching photographs from social media. Moreover, Plaintiff's counsel helped demarcate the boundaries of the fair use doctrine in the context of commercial news reporting. The Court has declined to recognize these efforts and instead has focused on the amount of time and resources that Hearst expended to defend its unlawful violation of federal and constitutional law. But if Hearst had taken steps to abide by federal law through procuring a proper license, then it would not have been sued in the first place. Having been caught stealing, Hearst should not be accorded any credit for expending resources to defend its action. Instead, it should be compelled to pay Plaintiff's reasonable fees.

The Court's decision produces an unjust result which is contrary to the public interest because it dis-incentivizes the prosecution of meritorious infringement claims to final judgment,

particularly in cases involving works of modest value or where Plaintiff has retained counsel on an alternative fee arrangement. This substantial injustice should be remedied by an award of reasonable attorneys' fees to Plaintiff, even if that amount is reduced.

**POINT II:   THE COURT HAS OVERLOOKED THAT IT WAS HEARST – RATHER THAN OTTO – WHICH PROLONGED LITIGATION AND FORCED A TRIAL ON DAMAGES**

The thrust of the Court's decision to deny Plaintiff his attorneys' fees is that Otto should not be rewarded for "prolonging litigation in pursuit of an unjustifiably inflated claim." [Dkt. # 140, p. 8]. Specifically, the Court determined that "Otto and his counsel consistently and undeniably inflated values for Otto's copyright . . . As a result of unsubstantiated and outsized demands, the Court agrees with Hearst that Otto's positions left Hearst with no choice but to continue the litigation." [*Id.* at p. 8 (citing Dkt. # 136, at 18)]

However, as explained to the Court at the final pre-trial conference on July 1, 2019, in the wake of the Court's grant of summary judgment in December 2018, Hearst repeatedly represented to Otto's counsel that it had no intention of settling the case for any amount because Hearst intended to appeal the Court's fair use decision to the Second Circuit Court of Appeals. Thus, it was Hearst - not Otto - who elected to prolong litigation in order to effectuate a change in the prevailing law of fair use.

By the time Hearst indicated that it would entertain a settlement offer on July 1, 2019, just two weeks before trial, Plaintiff's counsel had already expended substantial time and resources on preparing its pre-trial materials, attending conferences, and briefing pre-trial motions. Plaintiff and his counsel deserved to factor in those costs to its settlement demand on the eve of trial. Moreover, although the Court awarded the minimum award of $750 under the

statute, Plaintiff had sought a $30,000 award consistent with the plain language of the statute, 17 U.S.C. 504(c) and on the basis of default judgment awards. [Docket #105-1 (attaching $30,000 default awards)]. For that reason, the $75,000 pre-trial demand (which included some of Plaintiff's attorney's fees) was perfectly justified.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration and/or reargument of its Order [Dkt. #140] and award Plaintiff his reasonable attorneys' fees.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Counsel for Plaintiff Jonathan Otto*