IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>      Plaintiff,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC.,<br><br>      Defendant. | C.A. No. 1:17-cv-04712-GHW |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Jonathan R. Donnellan
Ravi V. Sitwala
Nathaniel S. Boyer
THE HEARST CORPORATION
   Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
nathaniel.boyer@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

Defendant Hearst Communications, Inc. ("Defendant" or "Hearst") submits this memorandum of law in opposition to Plaintiff Jonathan Otto ("Plaintiff")'s Motion for Reconsideration or Reargument Pursuant to Local Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure (Doc. No. 142, the "Motion").

## ARGUMENT

Plaintiff's Motion does not come close to justifying either reconsideration or reargument regarding his motion for attorneys' fees. Plaintiff recognizes that reconsideration is reserved for circumstances where the Court has overlooked an argument or made a substantive mistake of law or fact. Plaintiff's Memorandum of Law (Doc. No. 143, "Plaintiff's Br.") at 1-2. But Plaintiff does not even contend that the Court made any substantive mistake regarding the facts or the law. Instead, Plaintiff merely takes issue with the Court's weighing of factors, simply restating the same arguments he previously made and that the Court considered and rejected in its comprehensive decision. *Id.* at 2-4.

While Plaintiff does claim the Court "overlooked" that Hearst "forced a trial on damages," Plaintiff failed to present that argument during the briefing on his fee motion when he had the opportunity and therefore the Court did not overlook it by definition. *United States v. Baldeo*, No. S1 13 CR 125 PAC, 2015 WL 252414, at *2 (S.D.N.Y. Jan. 20, 2015) ("These statements do not present any matters 'overlooked;' instead, they present a cascade of new matters which were never put before the Court during the initial motion."), *aff'd*, 615 F. App'x 26 (2d Cir. 2015). Moreover, Plaintiff's argument is based on false premises—Hearst never refused to entertain settlement offers after summary judgment. While Plaintiff's counsel did claim as much at the pretrial conference referenced in the Motion, Hearst's counsel pointed out this was false then and it continues to be false. 7/1/2019 Final Pretrial Conf., Tr. at 55-56. In

1

any event, regardless of whether or not the parties discussed settlement after this Court's summary judgment ruling, it remains the case that Plaintiff made unjustified and inflated settlement demands both before and after that, fully supporting this Court's conclusion that those demands resulted in prolonged litigation.

In short, nothing Plaintiff has presented in its Motion even approaches the "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" that must be present to warrant the extraordinary remedy of reconsideration. *See Allstar Mktg. Grp., LLC v. 158*, No. 1:18-CV-4101-GHW, 2019 WL 3936879, at *1 (S.D.N.Y. Aug. 20, 2019) (citation omitted). Instead, Plaintiff's motion for reconsideration seeks to relitigate matters he already argued and that the Court explicitly considered and to present new matters he failed to present at the appropriate time. Neither warrants reconsideration. *See, e.g.*, *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 6619491, at *2 (S.D.N.Y. Dec. 5, 2019) (denying reconsideration).

## CONCLUSION

For the foregoing reasons, the Motion should be denied in full.

Dated: February 14, 2020
　　　　New York, New York

Respectfully submitted,

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan
Ravi V. Sitwala
Nathaniel S. Boyer
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
nathaniel.boyer@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on February 14, 2020.

/s/ Nathaniel S. Boyer
Nathaniel S. Boyer