UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN OTTO,

                                Plaintiff,

- against -

HEARST COMMUNICATIONS, INC.

                                Defendant.

Docket No. 17-cv-4712 (GHW)

ECF CASE

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Jonathan Otto ("Plaintiff" or "Otto"), via counsel, hereby submits this memorandum of law in further support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated January 23, 2020, which denied Plaintiff's motion for attorneys' fees pursuant to 17 U.S.C. § 505. [ECF Docket ("Dkt.") # 140, Order]

## ARGUMENT

**POINT I:**     **UNDER U.S. SUPREME COURT LAW, PLAINTIFF'S PROSECUTION OF A MERITORIOUS AND "CUTTING EDGE" INFRINGEMENT CLAIM SHOULD BE REWARDED**

Through denial of Plaintiff's attorneys' fees, the Court has effectively penalized Plaintiff for pursuing a meritorious infringement claim against a mass media infringer. Plaintiff has not been made whole. The Court has also permitted Hearst to escape out the back door with a mere $750 penalty. The Court's decision, if allowed to stand, will only fuel mass media infringement

of newsworthy photographs as corporate media outfits will now be emboldened to steal with impunity and face nothing more than a slap on the wrist.

The U.S. Supreme Court is clear: where the prevailing plaintiff in a copyright infringement action has helped to settle "significant and uncertain legal issues", then the Copyright Act's purpose is served through an award of attorneys' fees. *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1986, 195 L. Ed. 2d 368 (2016). Section 505 of the Copyright Act:

> encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation. When a litigant—whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from the opposing (*i.e.,* unreasonable) party gives him an incentive to litigate the case all the way to the end. **The holder of a copyright that has obviously been infringed has good reason to bring and maintain a suit even if the damages at stake are small.**

*Kirtsaeng* at 1986 (boldface).

Thus, the Supreme Court's decision in *Kirtsaeng* recognizes that compensating a prevailing party with attorneys' fees provides an incentive for copyright holders "to stand on their rights" and "to litigate the case all the way to the end" even where "the damages at stake are small." *Id.* at 1986. Indeed, "in any given case a court may award fees even though the losing party offered reasonable arguments." *Kirtsaeng* at 1989.

Here, the Court's decision to deny Plaintiff's attorneys' fees places far too much emphasis on the parties' *alleged* settlement negotiations (which were actually quite limited through the course of litigation), and not enough emphasis on the fact that Plaintiff proved victorious on a cutting-edge fair use issue that furthers the purposes of the Copyright Act.

Indeed, the Court's ultimate decision on summary judgment helped re-define the landscape of fair use analysis in the commercial news reporting context. Before Otto elected to prosecute this case to judgment on the merits, mass media companies viewed social media

accounts as an unregulated repository of free content. The Court changed that practice through the following proclamations:

> Stealing a copyrighted photograph to illustrate a news article, without adding new understanding or meaning to the work, does not transform its purpose—regardless of whether that photograph was created for commercial or personal use.
>
> *Otto v. Hearst Commc'ns, Inc.,* 345 F. Supp. 3d 412, 419 (S.D.N.Y. 2018)
>
> Allowing a news publisher to poach an image from an individual's social media account for an article that does little more than describe the setting of the image does not promote "the Progress of science and useful Arts." U.S. Const., art. I, § 8, cl. 8;
>
> *Otto* at 433.

But, then, the Court decided that it was Hearst that should be given credit for litigating this cutting-edge issue rather than Otto. Hearst, knowing that it had no license to re-publish a copyrighted work which did not belong to it, gambled on a fair use defense and lost. Meanwhile, Hearst waltzes away with a $750 penalty, whereas Otto is over $60,000 in the hole. The Court has inverted the purpose of the Copyright Act by denying Otto his fees and should therefore reconsider its decision.

**POINT II:** **OTTO'S AGGRESSIVE LITIGATION POSITION ADVANCES THE GOALS OF THE COPYRIGHT ACT**

"[A]warding attorneys' fees to compensate prevailing parties also serves as an incentive for copyright holders to aggressively litigate their meritorious claims, which advance the goals of the Copyright Act, including the promotion of 'creativity for the public good.'" *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.*, No. 16-CV-01627-CMA-STV, 2019 WL 4751768, at *19 (D. Colo. Sept. 30, 2019) (quoting *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018)). "[W]hen copyright holders, such as Plaintiff, are incentivized to aggressively pursue meritorious claims and win, the Copyright Act's goals are fostered, which benefit the

general public." *Id.* at *20; *see also Broadcast Music, Inc. v. Cleatz Bar and Grill, LLC*, No. 12-cv-00321-REB-CBS, 2013 WL 753468, at *1 (D. Colo. Feb. 27, 2013) ("An award of attorney fees serves to 'penalize the losing party, to deter continuing infringement, to make the prevailing party whole, and to encourage the proper prosecution of copyright infringements.'"). "[N]owhere in *Kirtsaeng* did the Supreme Court promote denying fees in *meritorious claims* because those winning claims are somehow 'overaggressive.' Indeed, it is difficult to see how pursuing a meritorious infringement claim 'less aggressively' furthers 'the Copyright Act's essential goals.'" Glacier Films (USA), 896 F.3d at 1042 (quoting *Kirtsaeng*, 136 S.Ct. at 1989).

Here, the Court has penalized Otto for taking an aggressive position and demanding his attorneys' fees on the eve of trial as a component of his eleventh hour settlement demand. Despite Heart's arguments otherwise, it was Hearst which drove this case to trial – not Otto. In the wake of the Court's December 2018 decision, Hearst repeatedly expressed its desire to be vindicated on appeal. Otto was happy to win on summary judgment and would have accepted a reasonable settlement at that juncture.

In any event, the Court should not deprive Otto of his fees because he proved to be aggressive in enforcing his rights. Individual copyright holders need to be aggressive because, but for their copyright enforcement efforts, mass media companies would steal *en masse* because it's really easy. Taking a photograph only requires cut-and-paste or drag-and-drop. Not much skill is required to infringe photographs on-line. And when mass media infringers are caught stealing intellectual property, they should be brought to justice, which means *judgment*. Settling cases may promote judicial economy but settlements do not vindicate the public interest. Only prosecuting cases through judgment, whilst setting novel judicial precedent in the process, serves those ends. *See Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir.2012) ("The

most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act.")

**POINT III.    THE COURT SHOULD GRANT PLAINTIFF A *PARTIAL* AWARD OF HIS FEES FOR VICTORY ON SUMMARY JUDGMENT**

Under section 505 of the Copyright Act, the Court may grant a partial award of attorney's fees to the prevailing party. *POW Nevada, LLC v. Connery*, No. C17-1649 RSM, 2018 WL 3956129, at *3 (W.D. Wash. Aug. 17, 2018) ("Because Plaintiff has succeeded on its non-frivolous claims, and because at least a partial award would advance considerations of compensation and deterrence, the Court agrees that Plaintiff should be awarded attorneys' fees.").

Here, at the very least, the Court should consider awarding Otto the portion of his fees that is attributable to filing the complaint, proceeding through discovery, and winning on summary judgment. The Court has authority to do so and should not treat the application of section 505 as an "all or nothing" affair. Otto should be rewarded for his victory on summary judgment and should be made whole with respect to his winning claim *McCulloch v. Albert E. Price*, 823 F.2d 316, 323 (9th Cir. 1987) ("[S]ection 505 is intended in part to encourage the assertion of colorable copyright claims ... and to make the plaintiffs whole.").

**CONCLUSION**

Based on the foregoing, and for those reasons set forth in his principal brief, the Court should grant Plaintiff's motion for reconsideration and/or reargument of its Order [Dkt. #140] and award Plaintiff his attorneys' fees (or a portion thereof).

        Respectfully Submitted,

        LIEBOWITZ LAW FIRM, PLLC

        **/richardliebowitz/**
        Richard Liebowitz, Esq.

        11 Sunrise Plaza, Ste. 305
        Valley Stream, NY 11580

        *Counsel for Plaintiff Jonathan Otto*