```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JONATHAN OTTO,                                  :
                                                :
                              Plaintiff,        :
                                                :         1:17-cv-4712-GHW
              -against-                         :
                                                :              ORDER
HEARST COMMUNICATIONS, INC.,                    :
                                                :
                              Defendant.        :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/20

GREGORY H. WOODS, United States District Judge:

On February 6, 2020, Plaintiff filed a motion for reconsideration of the Court's January 23, 2020 Memorandum Opinion and Order denying his motion for attorney's fees.  Dkt. Nos. 140, 142. The Court has reviewed the motion for reconsideration and has determined that it does not provide a basis for the Court to reconsider its previous decision.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases).  "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)).  As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Plaintiff's motion rests on two bases, neither of which meets the high bar for a grant of reconsideration.[1] First, Plaintiff argues that the Court did not accord significant enough weight to the public interest in prosecuting mass media infringers to final judgment. But the Court considered those arguments in deciding Plaintiff's original motion for fees and found both that there is no presumptive entitlement to attorney's fees in low-value copyright cases—as Plaintiff had previously argued—and that the respective needs of compensation and deterrence in this specific case mitigated against an award of fees here. Plaintiff does not identify any change in law or error in the Court's reasoning; he simply disagrees with the Court's balancing of the factors which it considered in deciding whether or not to award fees. Plaintiff has a higher regard for the public utility of his action than the Court.

Second, Plaintiff claims that it was Hearst, rather than Plaintiff, which prolonged litigation and forced a trial on damages. This argument was not raised in Plaintiff's briefing on his original motion, although it would have properly been raised in reply to Hearst's characterizations of the history of this litigation. Regardless, even if Hearst was unwilling to settle this litigation after the Court issued its decision on summary judgment—a factual characterization which Hearst disputes—that does not excuse Plaintiff's perpetuation of an unsubstantiated and inflated value for his claim throughout the course of this litigation, including before the Court issued its summary judgment opinion. Plaintiff's motion for reconsideration is denied.

---

[1] In his reply, Plaintiff argues that the Court should consider granting Plaintiff a partial award consisting of his attorney's fees through summary judgment because "Otto should be rewarded for his victory on summary judgment and should be made whole with respect to his winning claim . . . ." Reply, Dkt. No. 146, at 5. However, this request for an award of partial fees does not meet the high bar required for the Court to grant a motion for reconsideration because Plaintiff identifies no change of controlling law, new evidence, or clear error, and the Court perceives no need to prevent manifest injustice. While Plaintiff chose not to present a request for a partial award of fees in its briefing in the initial motion, in reaching its prior decision, the Court was fully aware that its options were not binary—all fees or no fees— and that the Court might properly conclude that a partial award of fees was appropriate. However, the Court chose not to award Plaintiff any attorney's fees after evaluating the relevant factors as described in its initial decision.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 142.

SO ORDERED.

Dated: March 3, 2020
      New York, New York

                                            GREGORY H. WOODS
                                          United States District Judge